E. F. A. STEPHENS, Appellant, v. CITY COUNCIL OF CITY OF MARION.

**Taxation:** APPEAL: AFFIRMANCE. Upon the failure of a tax payer
1  to perfect an appeal from an assessment within the required
time, the appellee may have the proceeding docketed and the
assessment affirmed without filing a petition, or giving notice
of the motion for affirmance.

**Assessments:** AFFIRMANCE ON APPEAL: ACTION TO VACATE: PLEAD-
2  INGS. Upon failure of the appellant to have an appeal from an
assessment of taxes docketed in the district court, neither the
fact that the appellee secretly paid the docket fee; nor an alle-
gation that the same was fraudulently paid, without stating the
facts relied upon as constituting the fraud; nor that appellee
failed to file a copy of the motion for affirmance; nor that a
decree affirming the tax was presented to the court and signed,
constitute ground for setting aside the judgment of affirmance.

*Appeal from Linn District Court.*— HON. B. H. MILLER,
Judge.

FRIDAY, MAY 18, 1906.

REHEARING DENIED WEDNESDAY, DECEMBER 12, 1906.

THE petition asked that a judgment in a cause entitled
as above be vacated because obtained by fraud, and in support
thereof alleged the following facts:

(1)   The city of Marion is a corporation and by its
attorney F. L. Anderson did secretly and fraudulently pay
a filing fee to the clerk of the district court who docketed
this case without a petition and without notice of any kind,
and he filed a motion keeping it so secret that he did not
file a copy thereof as required by law (section 3558 of the
Code of 1897), and the said attorney had the unparalleled
temerity to ask the court to sign a decree which had the
effect of causing a damage to your petitioner of more than

$150, and also costs amounting to $3.75. (2) The said decree was to affirm an assessment on $8,376 of moneys and credits in an assessment district in which your petitioner did not live at the time for assessing moneys and credits for the year 1903. (3) The said city council acting as a board of review copied or caused its clerk to copy the assessment books of the assessment district in which your petitioner resided and had been assessed for the year 1903, and has obtained a judgment against your petitioner for the taxes of 1903, and if allowed to stand, would, with her legitimate taxes already paid, make two taxes on her moneys and credits for the year 1903. (4) Your petitioner resided publicly and usually in Linn county at the time this " sham judgment " was obtained, and received no notice of the case; and it was many months after it was on record as a judgment before your petitioner heard of the case. (5) The said " sham judgment " was filed with the clerk of the district court on October 31, 1903, and this petition is filed on September 23, 1904, which keeps it within the purview of the law as it appears in sections 4091, 4094, and 4095 of the Code of 1897, and Exhibit A hereto annexed is a copy of the said judgment and forms a part of this petition.

The defendant filed a general demurrer which was sustained and, as plaintiff declined to plead over, the petition was dismissed.  The plaintiff appeals.— *Affirmed.*

*D. D. Stevens,* for appellant.

No appearance for appellee.

LADD, J.— In the absence of any showing to the contrary, the action of the trial court in sustaining the defendant's motion, and in entering an affirmance of the assessment is presumed to have been without error.    To

1. TAXATION: appeal: affirmance.

overcome this presumption a clear showing that the judgment was improperly obtained, is required.    The    allegations of the petition are insufficient to meet this requirement.    It is said in the first paragraph that the defendant's attorney paid the filing

fee, caused the case to be docketed without a petition, and without a notice of any kind, and had an order entered affirming the assessment of the board of review. But he was expressly authorized to do so by section 3660 of the Code. Upon failure of the appellant to perfect her appeal by noon of the second day of the term to which the same was returnable, the appellee had the right to procure the case to be docketed and have the assessment affirmed. See *Frost v. Board of Review,* 114 Iowa, 103; also section 4559, Code. No petition was necessary and notice to the appellant of the motion was not essential for having taken the appeal, she was bound to take notice of all subsequent proceedings authorized by law.

But in addition to the foregoing, it is alleged, that the filing fee was paid to the clerk, first, secretly; and, second, fraudulently; and, third, that no copy of the motion was filed; and, fourth, a written decree was presented to the court to be signed. If the appellee had the right to pay the filing fee, it is immaterial whether this was done secretly or openly. The mere statement that this was done fraudulently was but a legal conclusion. The facts, constituting the fraud, if any, should have been stated. The omission to file a copy of the motion is not ground for the vacation of a judgment. See section 3558 of the Code. The practice of preparing entries for the court to sign and enter of record has been followed in this State too long to require any vindication at this late day. The second and third paragraphs of the petition deal solely with the merits of the appeal. By notice of the case in the fourth paragraph, reference is evidently made to the case in the district court and as previously said none was required to be served on plaintiff of its pendency. Certainly this cannot be construed to refer to the assessment proceedings in the board of review for there was no case until appeal had been taken. When the construction of a pleading assailed by demurrer is doubtful

2. ASSESSMENTS: affirmance on appeal: action to vacate; pleadings.

after giving to its language a reasonable intendment the doubt is to be resolved against the pleader. *Thompson v. Perkins,* 97 Iowa, 607; *Lampman v. Bruning,* 120 Iowa, 167. No reference is made in the petition to any failure to appeal from the board of review and by no fair inference can it be inferred that notice essential to effect such appeal was intended. See section 1373, Code. Nevertheless, counsel argues that " the record shows there was no appeal, and no complaint before the board of review." We presume he refers to the transcript of the proceedings before the board of review, printed in the abstract, but not made a part of the petition. The demurrer was directed to the contents of the petition and not to records *aliunde,* to which it contained no reference.

Appellant has discussed the merits somewhat. By conforming to the procedure prescribed by the Code, she might have had these considered. By neglecting to do so, she suffered the appellee to have the assessment of the board of review affirmed on motion without a hearing on the merits, and, in so far as appears from the allegations of her petition, she has no cause of complaint save of her own neglect to file the appeal within the time exacted by the statute. —*Affirmed.*