## GROVER v. HAWTHORNE.

[116 Pac. 100: 121 Pac. 804.]

APPEAL AND ERROR—DISCRETION OF COURT—NUNC PRO TUNC ORDER—REVIEW.

1. An order *nunc pro tunc*, correcting a record will not be disturbed on appeal, except for an abuse of discretion or absolute want of authority to make it.

APPEAL AND ERROR—ORDERS APPEALABLE—NUNC PRO TUNC ORDERS.

2. An order *nunc pro tunc*, correcting a record, is appealable.

Sig. 3

APPEAL AND ERROR—QUESTIONS REVIEWABLE—MOTION TO DISMISS APPEAL.

3. An appellate court, on motion to dismiss an appeal from an order refusing to vacate a *nunc pro tunc* order correcting a record, will not try the merits of the controversy, or determine whether the court below abused its discretion, or lacked authority to make the *nunc pro tunc* order.

COURTS—RECORDS—AMENDMENT AND CORRECTION.

4. Every court of record has the inherent power to cause its proceedings to be correctly set forth in its records, and, whenever it is properly brought to the knowledge of the court that this was not done at the time of the proceedings, the court has authority to cause a record to be made in accordance with the facts.

JUDGMENT—OPENING OR VACATING—POWER AFTER TERM.

5. After the end of a term, the court's power to vacate its judgment or decree can only be exercised in pursuance of Section 103, L. O. L., providing that the court may in its discretion, on such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment taken against him through mistake or neglect.

APPEAL AND ERROR—DISCRETION OF LOWER COURT—VACATING JUDGMENT OR ORDER.

6. A motion to set aside the entry of an order *nunc pro tunc* extending the time for filing a transcript is addressed to the sound discretion of the court, and its action thereon will not be disturbed on appeal except for apparent abuse of its power.

COURTS—RECORDS—ENTRIES NUNC PRO TUNC.

7. The object to be attained by a court in entering an order *nunc pro tunc* is to make the record speak the truth, and such order should be identical with the original and nothing should be added to or taken away from it.

APPEAL AND ERROR—DECISIONS REVIEWABLE—NUNC PRO TUNC ORDER.

8. An order *nunc pro tunc* correcting a record is appealable.

APPEAL AND ERROR—FILING TRANSCRIPT—EXTENSION OF TIME—ENTRIES NUNC PRO TUNC—STIPULATION.

9. After plaintiffs had perfected an appeal from a decree dismissing their suit, a stipulation by the parties on January 30, 1911, allowing plaintiffs an extension of 30 days for filing the transcript on appeal, was filed in the circuit court, and on that date an order was made extending the time which was not then recorded, and on March 10, 1911, plaintiffs obtained an order from the circuit court directing that the order passed by the court on January 30, 1911, be entered as of that date. *Held*, on defendanats' appeal from an order denying their petition for the vacation of the order of March 10th, that the stipulation on file furnished a sufficient basis for the *nunc pro tunc* order.

Decided June 6, 1911.

ON MOTION TO DISMISS.

[116 Pac. 100.]

From Multnomah: HENRY E. MCGINN, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is a suit by Elizabeth Grover, executrix of the estate of LaFayette Grover, deceased, and Elizabeth Grover against Rachel L. Hawthorne and the Hawthorne Estate, a corporation.

In the year 1910 respondents in this proceeding brought suit against appellants to have certain conveyances made by LaFayette Grover and wife to J. C. Hawthorne declared to be mortgages, and for permission to redeem the premises described therein. A decree was rendered against plaintiffs, who gave notice of an appeal to this court. The last day of the 30 days allowed by law for filing a transcript in this court was January 30, 1911. Prior to that date, respondents in this proceeding obtained a stipulation from appellants for 30 days additional time for filing the transcript. After it was filed in this court, appellants in this proceeding, who were respondents in that appeal, filed a motion to dismiss the appeal, for the reason that no order extending the time for filing a transcript appeared on the record. The respondents in this proceeding thereupon applied to the court below for an order *nunc pro tunc*, extending the time for filing the transcript, and thereupon, on March 10, 1911, the court made an order, setting forth that it appeared to the satisfaction of the court that it had, on the 30th day of January, 1911, duly made an order extending such time for 30 days, and that the same had not been entered by the clerk as required by law, and directing the order to be entered as of January 30, 1911, *nunc pro tunc*. On April 2, 1911, appellants here moved the court, upon affidavits,

to set aside the order of March 10, 1911, and to cause the attorneys for respondents in this proceeding to appear for cross-examination touching the passing of such order. The motion was denied, and the Hawthornes appealed. Respondents in this proceeding move to dismiss the appeal, for the reason that the order denying appellants' motion is not an appealable order.

MOTION TO DISMISS DENIED.

*Messrs. Manning & White, Messrs. McAllister & Upton* and *Mr. Robert E. Hitch,* for the motion.

*Mr. Chester V. Dolph, Mr. Samuel T. Richardson,* and *Messrs. Snow & McCamant, contra.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1, 2.   While orders made *nunc pro tunc,* correcting or amending the record, will very seldom be disturbed by an appellate court, and never, except for an abuse of discretion or absolute want of authority to make them, they are appealable to the end that the higher court may examine them for the purpose of ascertaining whether there has been such abuse.

3. Upon this motion we can only hold that the order of the court, refusing to vacate the order of March 10, 1911, is an appealable order.

We cannot, upon a motion to dismiss the appeal, try out the merits of the controversy, or look into the showing made, to determine whether the court below abused its discretion or lacked authority to make the order.

The motion is denied.          DENIED.

Decided March 5, 1912; rehearing denied June 4, 1912.

## On the Merits.

[121 Pac. 804.]

· Statement by Mr. Justice Bean.

This appeal is taken by defendants from an order of the circuit court passed April 3, 1911, refusing to vacate an order passed on the 10th of March, 1911. On December 19, 1910, after a hearing in a suit in equity, the circuit court (Hon. John B. Cleland, Judge), rendered a decree dismissing the suit. Thereafter plaintiffs appealed to this court, which appeal was perfected on January 2, 1911. A stipulation was made by counsel for the parties on January 30, 1911, allowing the plaintiffs an extension of 30 days' time for filing the transcript on appeal, and the same was filed in the circuit court. On that date an order was made extending the time, but for some reason was not then recorded. On the 10th day of March, 1911, plaintiffs obtained an order from the circuit court directing that the order passed by the court on January 30, 1911, be entered as of that date. Defendants, on March 22, 1911, filed the petition supported by affidavits for the vacation of the order of March 10, 1911. After a hearing, the court passed an order on April 3, 1911, denying the petition. From the latter order, this appeal is taken.

Defendants assign as error: The passing of the order of March 10, 1911, and the denying of the petition to vacate the same. They assert that the court had no sufficient evidence before it to grant the order; that no memorandum or record of the clerk, court, or judge was offered; that the recollection of the judge was not sufficient without some matter of record or *quasi* record to support the same; and that the order was void. The order was as follows:

(Title)

"Now on this the 10th day of March, 1911, this cause coming on upon motion of John Manning, Robert E. Hitch and E. S. J. McAllister, attorneys for the above-named plaintiffs, for an order *nunc pro tunc* extending the time within which plaintiffs and appellants shall have within which to file their transcript in the Supreme Court of the State of Oregon, in the above-entitled cause, and it appearing to the satisfaction of the court that the court did on the 30th day of January, 1911, duly and regularly make an order extending the time for the filing of said transcript for a period of thirty days from said 30th day of January, 1911, in accordance with a stipulation and agreement entered into by and between the attorneys for the above-named plaintiffs and the attorneys for the above-named defendants and that said order so made on said 30th day of January, 1911, was within the 30 days allowed by law after the perfection of the appeal in the above-entitled cause from this court to the Supreme Court of the State of Oregon; and it appearing further to this court that said order so made on said 30th day of January, 1911, was not entered by the clerk of this court as required by law, and the court at this time being fully advised in the premises: It is, therefore, ordered and adjudged that the said plaintiffs be and they are hereby given and allowed 30 days from the said 30th day of January, 1911, within which to file said transcript in the Supreme Court of the State of Oregon in accordance with the said former order heretofore made on the said 30th day of January, 1911, and that the clerk of this court is hereby ordered and directed to enter this order as of the 30th day of January, 1911, and that this order stand in lieu and place of the said former order of January 30, 1911.

HENRY E. MCGINN, Circuit Judge.

March 10, 1911."

The certificate of the judge shows that the court had a distinct recollection of having signed an order, on or about the 30th day of January, 1911, granting plaintiffs an extension of time to file the transcript on appeal. The clerk's certificate shows that no memorandum was made

in his office, and that no order extending the time for filing the transcript was entered in the journal prior to March 10, 1911. It is contended by counsel for defendants that the court had no authority to pass the so-called *nunc pro tunc* order, unless the record or some *quasi* record or memorandum showed affirmatively that there had been such an order passed on January 30, 1911.

Affirmed: Rehearing Denied.

For appellants there was a brief over the names of *Mr. Samuel T. Richardson, Mr. Chester A. Dolph* and *Messrs. Snow & McCamant,* with oral arguments by *Mr. Richardson, Mr. Dolph* and *Mr. Zera Snow.*

For respondents there was a brief over the names of *Messrs. Manning & White, Messrs. McAllister & Upton* and *Mr. Robert E. Hitch,* with oral arguments by *Mr. Samuel White* and *Mr. Edward S. J. McAllister.*

Mr. Justice Bean delivered the opinion of the court.

No appeal was taken from the order of March 10, 1911, and it is needless for us to determine whether or not the same was regular. The question is: Was the order of that date beyond the power of the court, and void? If it is void, it should be vacated and expunged from the record.

4. Every court of record has the inherent right and power to cause its acts and proceedings to be correctly set forth in its records. It is the duty of the clerk as an instrument of the court to make such a memorial; and, whenever it is properly brought to the knowledge of the court that this was not done at the time of the proceeding, the authority of the court to cause a record to be made in accordance with the facts is undoubted: *Kaufman v. Shain,* 111 Cal. 16 (43 Pac. 393: 52 Am. St. Rep. 139) ; *In re Wight,* 134 U. S. 136 (10 Sup. Ct. 487: 33 L. Ed. 865). In the case of *Quartz Gold Mining Co. v.*

*Patterson,* 53 Or. 85 (96 Pac. 551), the court duly made an entry *nunc pro tunc* of an order theretofore made extending the time in which to file the transcript on appeal.   This court said:

"When a judgment has been rendered or order made, and the clerk has failed or neglected to enter it of record, the court has the power to thereafter order the judgment or order so rendered or made to be entered *nunc pro tunc.*"

Our statute provides for the entry of a judgment at any time during the term, or on motion of the party entitled, at any subsequent term.   Section 204, L. O. L.

5.   Provision is also made in our statute that the court may, in its discretion, upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect.   Section 103, L. O. L.   After the end of the term, the court's power to vacate its judgment or decrees can only be exercised in pursuance of the provisions of this section.   *Brand* v. *Baker,* 42 Or. 426 (71 Pac. 320).

6.   In the case at bar, the motion made to set aside the order of March 10, 1911, was addressed to the sound discretion of the court, and its action, whether in vacating or refusing to set aside such an order, will not be disturbed on appeal, except for apparent abuse of its power. *Nye* v. *Bill Nye Milling Co.,* 46 Or. 302, 307 (80 Pac. 94).

As to the contention of counsel for defendants that an order for an entry to be made *nunc pro tunc* cannot be passed unless the record or some *quasi* record or memorandum affirmatively shows such an order to have been passed at a prior date, it should be noted that the stipulation made by counsel, providing for an extension of time to file the transcript, was on file in the lower court. This would no doubt aid the memory of the court as to the

making of the order. It is said to be somewhat difficult to ascertain from the authorities what would be considered record evidence for this purpose; but it is held that the entry may be based on the judge's minutes, clerk's entries, or some paper on file in the case. The opinions of the State courts are inharmonious upon the matter. In the case of *In re Wight*, 134 U. S. 136, 143 (10 Sup. Ct. 487, 489: 33 L. Ed. 865), this question was before the Supreme Court of the United States in a criminal action, in which the Circuit Court, upon its own motion and based upon its recollection of the fact of the making of an order remitting the cause, which was omitted to be entered, at a subsequent term, directed the entry of the order *nunc pro tunc*. The question is discussed at great length, and many cases reviewed in that opinion. It was there said:

"Our first impression was that whatever might be the powers of the courts in this regard over their records during the term in which the transactions are supposed to have occurred, the record of which, or failure to make any record of which, is the subject of amendment, yet when it was attempted to do this after an adjournment and at a subsequent term of the court, the powers of the court in making such changes in the records of the proceedings were limited to those in which there remained written memoranda of some kind in the case, and among the files of the court, by which the record could be amended, if erroneous, or the proper entry could be supplied, if one had been omitted. * * We are satisfied, however, upon an examination of the authorities, that this restriction upon the power of the court does not exist."

The court cites many authorities, among them the case of *Bilansky* v *State of Minnesota*, 3 Minn. 427 (Gil. 313), in which the opinion of the court contains a somewhat full reference to the history of this subject as found in the English reports, and in Blackstone's Commentaries, Vol. III, p. 407, which shows that at an early day the

English courts exercised this power so recklessly, when the pleadings were all *ore tenus,* and great liberality was necessarily allowed in amendments, that the abuse was corrected by the king, who made the declaration that, "although we have granted to our justices to make record of pleas pleaded before them, yet we will not that their own records shall be a warranty for their own wrong, nor that they may rase their rolls, nor amend them, nor record them contrary to their original enrollment." This, Blackstone declares, meant only that the justices should not by their own private rasure change a record already made up, or alter the truth to any sinister purpose. In the Minnesota case, the court said:

"While we would go as far as any court in reprobating a rule which would place the proceedings of a court almost entirely at the mercy of the subordinate officials thereof, we would be scrupulously careful in adopting any rule which would tend to destroy the sanctity or lessen the verity of records. And while we admit the power to amend a record after the term has passed in which the record was made up, we would deprecate the exercise of the power in any case where there was the least room for doubt about the facts upon which the amendment was sought to be made. * * But when the facts stand undisputed, and the objection is based upon the technical point alone that the term has passed at which the record was made up, it would be doing violence to the spirit which pervades the administration of justice in the present age to sustain it. It is our opinion that this power of necessity exists in the district court, and that its exercise must in a great measure be governed by the facts of each case."

See, also, *Frink* v. *Frink,* 43 N. H. 508 (80 Am. Dec. 189: 82 Am. Dec. 172) ; *Rugg* v. *Parker,* 7 Gray (Mass.) 172; *Jacks* v. *Adamson,* 56 Ohio St. 397 (47 N. E. 48: 60 Am. St. Rep. 749).

There are many cases which hold that an entry *nunc pro tunc* may be ordered on any evidence that is sufficient and satisfactory, whether it be parol or otherwise. 1 Black,

Judgments (2 ed.) § 135. In *Lewis* v. *Ross,* 37 Me. 230, at page 235 (59 Am. Dec. 49), we find this language:

"On general principles, it is competent for a court of record, and incident to its authority, to correct mistakes in its records, which do not arise from the judicial action of the court, but from the mistakes of its recording officer. In doing this, it may regulate its own action upon its own sense of responsibility and duty, and proceed upon suggestion, or on motion of those interested, or upon its own 'certain knowledge and mere motion.' It would not be an adversary proceeding, in which, of necessity, there should be parties, or in which notice would be required"—citing *Balch* v. *Shaw,* 7 Cush. (Mass.) 282.

7. As shown by the opinions of the several courts and text-writers, the object to be attained by the court in entering an order or judgment *nunc pro tunc* is to make the record speak the truth. When a judgment has been actually rendered or an order made by the court which is entitled to be entered of record, but, owing to the misprision of the clerk, has not been so entered, the court may order the entry to be made *nunc pro tunc.* But it is not the function of the court to create an order now, which ought to have been passed at a former time. In ordering an entry made *nunc pro tunc,* not one jot or tittle should be added to or taken from the original judgment. 1 Black, Judgments (2 ed.) § 130. See, also, *Cochran* v. *Baker,* 34 Or. 555 (52 Pac. 520: 56 Pac. 641) ; *Road Company* v. *Douglas County,* 5 Or. 406.

The case of *Nicklin* v. *Robertson,* 28 Or. 278 (42 Pac. 993: 52 Am. St. Rep. 780), cited and relied upon by counsel for defendants, was a case where application was made to the court, after the expiration of one year from the entry of the judgment, to amend the judgment and materially change the same in the amount of $508.60, and differs from the case at bar.

8. A motion to dismiss this appeal, for the reason that the order denying appellants' motion to vacate the order of March 10, 1911, is not appealable, was filed heretofore by plaintiffs and denied by this court in *Grover* v. *Hawthorne*, 116 Pac. 100, wherein Mr. Justice McBride, speaking for the court, said:

"While orders made *nunc pro tunc*, correcting or amending the record, will very seldom be disturbed by an appellate court, and never, except for an abuse of discretion or absolute want of authority to make them, they are appealable. * *"

See, also, *Grover* v. *Hawthorne*, 114 Pac. 472.

9: We have referred to these cases to show the trend of judicial opinion upon a similar question, and not because it is necessary, in this case, to decide whether or not a *nunc pro tunc* order may be made, based solely upon the recollection of the trial judge. In the case at bar, a memorial of the solemn agreement between the parties to the suit, made by their respective counsel, was on file in the cause and clearly indicated the contents of the order made January 30, 1911. There was no danger of a mistake in this regard. No reason for filing such stipulation, other than that an order based thereon should be made by the court, can be easily conjectured. All the safeguards suggested in the opinions of the court, for making an order for such an entry, are found therein, and the danger of the court thereby doing injustice to either party is wanting. Only thirty-nine days had expired since the original order was actually made. No doubt the trial court deemed it unnecessary to notify defendants' counsel, at the time of ordering the entry made *nunc pro tunc*, as the action was based upon an agreement of counsel: *Crim* v. *Kessing*, 89 Cal. 478 (26 Pac. 1074: 23 Am. St. Rep. 491) ; *Fugua* v. *Carriel*, Minor, (Ala.) 170: 12 Am. Dec. 46.)

We are not to ascertain if there were any errors in passing the order of March 10, 1911, as no appeal was taken therefrom. We hold that the same is not void.

The order of April 3, 1911, is therefore affirmed.

AFFIRMED : REHEARING DENIED.

On Motion for Leave to Examine Witnesses.
Decided March 26, 1911.
On the Merits, argued Feb. 8, decided March 5; rehearing denied
June 4, 1912.