Submitted on brief for appellants April 11, reversed with directions April 17, 1917.

# In Re RYAN'S ESTATE.

(164 Pac. 586.)

**Courts—Appeal from County Court to Circuit Court—Time for Filing Transcript.**

1. Section 554, L. O. L., requiring filing of transcript within 30 days after perfecting appeal, is mandatory, and, on appeal from the County to the Circuit Court, all opportunity to confer jurisdiction upon the Circuit Court passes with the lapse of this 30 days without any extension of time granted before its end.

**Courts—Time of Appeal—County Court to Circuit Court—Nunc Pro Tunc Order.**

2. Where on appeal from County to Circuit Court transcript is not filed, as required by Section 554, L. O. L., within 30 days from perfecting appeal, the Circuit Court has no power to order that the transcript be filed as of a date within the expired 30 days; the sole purpose of *nunc pro tunc* order being to make the record speak the truth, never to falsify it.

**Courts—Appeal from County Court to Circuit Court—Vacation of Judgment.**

3. An appeal from the County to the Circuit Court having been dismissed for failure to file transcript in time, the Circuit Court could not at a subsequent term, without showing of appellant's mistake, inadvertence or excusable neglect, reinstate the cause for trial, for no court has appellate jurisdiction over its own decrees, and after the term at which a decree is entered the court's power over the decree is restricted to making the record conform to the actual truth of what was done at term time.

From Multnomah: HENRY E. McGINN, Judge.

This appeal involves certain proceedings in the matter of the estate of James Ryan, deceased. From an order of the County Court fixing the fees of the executor and his attorney, the executor appeals to the Circuit Court. The devisees appeal from the judgment rendered in the Circuit Court in favor of the executor. Reversed and cause remanded with directions.

In Banc. Statement by MR. JUSTICE BURNETT.

The chronology of this proceeding is as follows: June 27, 1911, an order of the County Court of Mult-

nomah County was entered in the matter of the estate
of James Ryan, deceased, fixing the fees of the executor
and of his attorney. On the thirteenth of the same
month the executor served his notice of appeal and filed
the same with the acceptance thereof with the clerk of
the court two days later. His undertaking on appeal
was served and filed ten days thereafter. The excep-
tions to his sureties were overruled on August 2, 1911.
The next event was an *ex parte* order in the matter by
one of the judges of the Circuit Court of Multnomah
County, Oregon, made on July 22, 1912, allowing the
transcript on appeal to the Circuit Court to be filed as
on August 29, 1911. A motion of April 1, 1914, to dis-
miss the appeal on the ground that the transcript was
not filed within the time required by law was sustained
on July 15 of that year. On October 28, 1915, the
executor moved the Circuit Court to cancel the order
dismissing the appeal on the ground that the same was
entered through the mistake, inadvertence or excusable
neglect of his counsel. No showing, by affidavit or
otherwise, appears in the record supporting this mo-
tion, but on March 31, 1916, the Circuit Court vacated
the order dismissing the appeal and reinstated the
cause upon the docket to be tried upon its merits.
When it came on for hearing on April 6, 1916, the re-
siduary legatees and devisees objected to the trial of
the cause for several reasons, among others, because
the court never acquired jurisdiction thereof, and be-
cause the attempted appeal had been dismissed. The
objection was overruled and the case proceeded to trial
and judgment in favor of the executor, for an increased
amount on account of attorneys' fees. The devisees
appeal.

        Reversed and Remanded With Directions.

For appellants there was a brief over the name of *Messrs. Emmons & Webster.*

No appearance *contra.*

MR. JUSTICE BURNETT delivered the opinion of the court.

Within ten days from service of notice of the appeal the appellant must serve and file his undertaking on appeal with the clerk of the court. Within five days thereafter exceptions to the sufficiency of the sureties must be filed or be considered waived. The appeal is deemed effective from the expiration of the time allowed for exceptions to the sureties or the overruling of such objections: Section 550, L. O. L.

1, 2. We find the following in Section 554, L. O. L.:

"Upon the appeal being perfected, the appellants shall within thirty days thereafter file with the clerk of the appellate court a transcript or such an abstract as the rules of the appellate court may require, of so much of the record as may be necessary to intelligibly present the questions to be decided by the appellate tribunal, together with a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof, and of the undertaking on appeal; and thereafter the appellate court shall have jurisdiction of the cause, but not otherwise. * * "

It will be noted that the appeal became perfect on August 2, 1911, the date when the exceptions to the sufficiency of the sureties were denied. In order to confer jurisdiction upon the Circuit Court, the transcript should have been filed within thirty days thereafter, as required by Section 554, L. O. L., or at least by September 1 of that year. With the lapse of this thirty days without any extension of time granted before its end passed all opportunity to confer jurisdiction upon

the Circuit Court.    The order of July 22, 1912, directing that the transcript be filed as of a date in the previous year, was utterly void and of no effect.    It was in the nature of an order *nunc pro tunc,* concerning which Mr. Justice BEAN very pithily said in *Grover* v. *Hawthorne,* 62 Or. 75 (116 Pac. 100):

"When a judgment has been actually rendered or an order made by the court which is entitled to be entered of record, but, owing to the misprision of the clerk, has not been so entered, the court may order the entry to be made *nunc pro tunc.*    But it is not the function of the court to create an order now, which ought to have been passed at a former time.    In ordering an entry made *nunc pro tunc,* not one jot or tittle should be added to or taken from the original judgment."

3. If it was not true that the transcript was filed within thirty days after perfection of the appeal, no order of the court can make it true.    The sole purpose of a *nunc pro tunc* order is to make the record speak the truth, never to falsify it.    Still further, after having dismissed the appeal on July 13, 1914, the term at which it was made having lapsed,. and there being no showing in the matter of mistake, inadvertence, or excusable neglect on the part of the appellant or of his counsel, the court could not rightly make the order of March 31, 1916, reinstating the cause for trial.    During the term at which it was rendered a court of record may change its judgment under proper circumstances not disclosed here; but beyond the term, there is no sanction for anything more than to make the record conform to the actual truth of what was done at term time.    No court has appellate jurisdiction over its own decrees.

This court has very often held that a failure to file the transcript within the time provided by law or

within an enlargement thereof by an order made before the expiration of the legal period will prevent the jurisdiction of the court from attaching. Citation of the precedents would be platitudinous. The statute is plain and mandatory beyond the need of construction when it says the transcript must be filed within thirty days after the perfection of the appeal "and thereafter the appellate court shall have jurisdiction of the cause, but not otherwise."

The Circuit Court was utterly without jurisdiction to hear the cause on appeal. Its judgment is therefore void and must be set aside and held for naught. The cause is remanded with directions to the Circuit Court to dismiss the appeal from the decree of the County Court.

REVERSED AND REMANDED WITH DIRECTIONS.