Submitted on brief of appellant September 29, affirmed October 6, rehearing denied November 10, 1925.

## THOMAS ROESER v. LULU B. ROESER.

(239 Pac. 541.)

**Judges—Motion for Transfer of Cause Because of Prejudice of Judge, Made After Decision, Properly Denied.**

1. Where motion by defendant in divorce suit for order to transfer cause to another department or to call in another judge because of prejudice of judge was made after decision of the case, it was properly denied.

**Divorce—Showing of Surprise and Neglect for Answer Out of Term Time Held Insufficient.**

2. Where defendant in divorce suit had written letter to attorney for plaintiff four days after service of summons asking him to effect reconciliation, the later filing of affidavits of inability to answer because of sickness was *held* not to be such showing of surprise and neglect as was necessary under Section 103, Or. L., for answer out of term time.

**Divorce—Order Entering Default Decree Nunc Pro Tunc Improper.**

3. An order entering default decree of divorce *nunc pro tunc* was improper, where defendant had filed motion for suit money in time to answer and decree was entered after the ruling, since in such an order nothing can be entered *nunc* that did not happen *tunc*.

**Appeal and Error—Appeal Taken from Orders Overruling Motions and not from Final Decree will not Afford Relief Overturning Adjudication.**

4. When, after decree of divorce, defendant appealed from order denying application for suit money and other orders, but not from decree of divorce, defendant cannot get any relief that will overturn the adjudication, since the errors, if any, of previous orders are merged in the final decree.

See (1) 33 **C. J.** 1014.    (2) 19 **C. J.** 163, 164.    (3) 19 **C. J.** 161 (Anno.); 34 **C. J.** 71.    (4) 4 **C. J.** 686.

3. See 15 **R. C. L.** 622, 623.

From Columbia: J. A. EAKIN, Judge.

In Banc.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief over the name of *Mr. Frank E. Manning.*

For respondent, *Mr. Glen R. Metsker.*

BURNETT, J.—This is a divorce case in which the chronology of events is as follows: The complaint was filed in the Circuit Court of Columbia County, July 22, 1924. On July 23, 1924, the summons was regularly and personally served on the defendant in Multnomah County. On August 14, 1924, no answer or other appearance having been filed, the plaintiff filed a motion to enter default against defendant. On September 4, 1924, without tendering an answer, the defendant appeared for the first time by filing a motion asking for suit money and that the court allow the defendant five days after the time plaintiff should pay in the amount to be allowed by the court within which to file her answer. Her affidavit accompanying this motion was to the effect that when she was served with summons she was so ill that she could not understand the purport of the papers and that afterwards she was informed that her husband was probably in Florida, and she borrowed money from friends with which she went there in an effort to find him and become reconciled to him, and that afterwards she came back and made the affidavit in support of the motion for suit money. This is opposed by sundry affidavits, one of which produces

a letter written by her to the plaintiff's attorney under date of July 26, 1924, in which she speaks of the service of the summons and complaint four days prior to that date, and endeavors to get the attorney to effect a reconciliation with his client. Two affidavits opposing are to the effect that instead of being sick the defendant was in the midst of a narcotic debauch. It further appears by the affidavits, and is not contradicted by the defendant, that she has heretofore been a party to seven different divorce cases in which she was successful in getting money from the adverse party.

1. On October 13, 1924, her motion for suit money and for leave to answer within five days after the same should be paid was denied by the court. On the same date the motion for default was called to the attention of the court and an order was made granting the same and directing it to be entered *nunc pro tunc* as of August 14, 1924, the date on which it was filed. After this decision was made, but on the same date, the defendant filed an affidavit of prejudice against the judge who had denied her application for suit money and for leave to answer, and moved for an order transferring the cause to another department or to call in a judge from some other court, or to apply to the Supreme Justice of the Supreme Court to send a judge to hear her motion and to set aside the motion for default. This motion was rightly denied, because it was not filed before the judge had made any decision in the case: *State ex rel.* v. *Circuit Court,* 114 Or. 6 (233 Pac. 563, 234 Pac. 262.) On the same date the defendant filed a motion to set aside the order of default and for the first time tendered an answer to the complaint. Without deciding this

motion the court heard the testimony adduced by the plaintiff, and on the fifteenth day of October, 1924, entered a decree dissolving the bonds of matrimony theretofore existing between the parties.

Afterwards, on March 20, 1925, the court entered an order denying the motion of the defendant to set aside the *nunc pro tunc* order and allow her to answer. On April 14, 1925, the defendant filed a notice of appeal addressed to the plaintiff and his attorney, and to the district attorney, notifying them that the defendant appealed from the order denying her application for suit money and for leave to file her answer five days after payment thereof, from the order overruling the defendant's motion for change of venue and for leave to file her answer and from the order denying the defendant's motion to set aside the *nunc pro tunc* order of default and for leave to answer. No appeal was taken from the decree of divorce, which the court had entered on October 15, 1924.

2. Clearly the time for answering had long since expired when the defendant filed her motion for allowance of suit money and for leave to answer five days after payment thereof. There is no just showing of mistake, inadvertence, surprise or excusable neglect which, by the terms of Section 103, Or. L., is essential if a litigant is to be allowed to answer out of time. The defendant's own letter, written four days after service of summons upon her, demonstrates that she fully understood the whole matter and is in no condition to claim the benefit of Section 103, *supra*. Her first application was faulty in not presenting her proposed answer at that time. The court was right in denying the same.

3. The order sustaining the motion to enter the default of the defendant was effective on the date the order was made but not before then. No court can rightly enter an order *nunc pro tunc* unless the transaction to be recorded actually took place at the prior date. The record must speak the truth and nothing can be entered *nunc* unless it actually happened *tunc*: *Grover* v. *Hawthorne,* 62 Or. 69, 75 (116 Pac. 100, 121 Pac. 804); *Frederick & Nelson* v. *Bard,* 66 Or. 259 (134 Pac. 318); *In re Ryan's Estate,* 84 Or. 102 (164 Pac. 586).

4. It profits the defendant nothing to repeat her application for leave to answer after substantially the same question had been decided adversely to her. No appeal having been taken from the decree of divorce, it is difficult to understand how the defendant can get any relief that will overturn that adjudication. The errors, if any, of previous orders are merged in the final decree, and that controls the rights of the parties.

There is no substantial error in the record, and the decree and orders of the Circuit Court are affirmed.          AFFIRMED.    REHEARING DENIED.