[Civil No. 3578. Filed November 4, 1935.]

[51 Pac. (2d) 246.]

DOLLIE P. GRIFFITH and DANIEL K. GRIF-FITH, Appellants, v. STATE MUTUAL BUILD-ING AND LOAN ASSOCIATION, a Corpora-tion, Appellee.

Mr. W. F. Timmons, for Appellants.

Messrs. Townsend & Jenckes, for Appellee.

LOCKWOOD, C. J.—This is an appeal from a judgment of the superior court of Yuma county foreclosing a mortgage. The facts necessary for a determination of the legal questions in the appeal are not in dispute and may be stated as follows: In 1930, Charles M. Dudley and Mary U. Dudley, his wife, were the owners of certain realty in Yuma county, Arizona. On the 28th day of March, 1930, they borrowed from State Mutual Building & Loan Association, a corporation, hereinafter called plaintiff, the sum of $5,000 evidenced by a promissory note of that date, and, as security for the payment thereof, mortgaged the realty involved herein to plaintiff, which mortgage was duly recorded April 2, 1930. It stated that it was for the purpose of securing, first, the note of March 28th, and, second:

"The payment of any other promissory note or notes executed by the mortgagor to evidence any further advances which may be made by the mortgagee."

On June 24, 1930, the Dudleys, in consideration of another $5,000 loaned them by plaintiff, executed a note for that amount, which stated that it was secured by the mortgage above referred to. A number of payments were made upon the debt, but the terms of the notes and mortgage not having been complied with, this suit for foreclosure was brought. At some time after the execution and delivery of the second note above referred to, Dollie P. Griffith and Daniel K. Griffith, her husband, hereinafter called defendants, became the owners of the realty. When the complaint for foreclosure was filed, they were made parties defendant, together with the Dudleys and

various others whom we need not name. The complaint asked judgment against the Dudleys only for the amount still due on the two notes and for a foreclosure of the mortgage for that amount as against all the parties defendant. Defendants appeared and filed an answer, and an application for a continuance under the provisions of House Bill 167 of the Eleventh Legislature (Laws 1933, chap. 29), commonly called the "Mortgage Moratorium Act." This act, so far as material to the present case, reads as follows:

"In all actions for the foreclosure of real estate mortgages now pending, in which final judgment has not been rendered, and in all actions hereafter commenced for the foreclosure of real estate mortgages, or on notes secured thereby, executed prior to the passage of this act, in any court in the state of Arizona, said court, upon application of either the plaintiff or the defendant in such action, provided said defendant is not in default for want of pleading, unless upon hearing of said application good cause is shown to the contrary, may order such cause continued for a period not longer than two years from the date this act becomes effective."

The case was set for trial for July 10, 1933, and defendants urging their application for a continuance, the trial court ordered the setting vacated and the case continued until November 15th under the following condition:

" . . . Upon the defendants keeping a strict account of the receipts and after deducting the cost of water and lights, to deposit ½ the balance with the Clerk of this Court to be applied as the Court may direct."

After the termination of this period, the plaintiff moved to have the case set down for trial, which was finally ordered by the court for February 12, 1934. On February 8th, defendants filed an answer moving to strike that provision of the complaint referring to

the second loan of $5,000 aforesaid, denying that they were indebted to plaintiff in any sum greater than that of $3,472.64, and also moved for an extension of the moratorium upon their affidavit

"that, owing to the depression, defendants have been unable to make any payments to this time but that conditions are now beginning to improve and within a short time they will be able to pay up the taxes and will conserve and keep the property and premises in first class condition and repair."

The case finally came for hearing on March 1, 1934, and the motion to strike and the motion for a continuance of the moratorium were denied, whereupon the matter was heard by the court on the merits and judgment was immediately thereafter rendered for plaintiff and against defendant. Simultaneously therewith a formal written judgment was presented to the court and counsel, and no objection being offered thereto, it was immediately signed by the judge and filed with the clerk. This states the facts sufficiently for us to pass upon the legal issues involved.

 There are five assignments of error which raise, in effect, three legal questions. The first is whether the court erred in denying a further motion for continuance under the moratorium act. It will be seen upon an examination of the act, above set forth, that the continuance cannot be granted if good cause be shown affirmatively for its denial, and even in the failure of such affirmative showing, the matter is discretionary with the trial court, subject only to review for an abuse of discretion. The record shows that one extension was granted by the court upon certain conditions. It does not appear just what reason the court had for denying a further continuance, but following the usual presumption in favor of the actions of a court of record, we must assume in

the absence of a showing to the contrary that there was no abuse of discretion.

The second question is as to whether the court erred in considering, as against defendant's rights to the property, the second note in question. The mortgage, as originally filed, set forth specifically only the first note for $5,000, but also contained the above provision in regard to further advances. It is the unquestioned rule that a mortgage may be given to secure not only money loaned at the time of the mortgage, but also any amount which is to be advanced in the future, and that such a provision is good as against all subsequent encumbrancers and purchasers having notice of the mortgage, for all advances made before they have acquired their rights, while many cases hold it is good for later advances also. *New Orleans National Banking Assn.* v. *Le Breton,* 120 U. S. 765, 7 Sup. Ct. 772, 30 L. Ed. 821; *Willis* v. *Sanger,* 15 Tex. Civ. App. 655, 40 S. W. 229; *Freiberg* v. *Magale,* 70 Tex. 116, 7 S. W. 684; 41 C. J. 525, and note. The mortgage in this case expressly states that it is to cover further advances. The second note shows on its face that it is secured by the mortgage, and defendants did not acquire their rights to the property until after the execution and delivery of the second note. No personal judgment of any nature was asked against them. Such being the case, the court did not err in denying the motion to strike the allegations of the complaint in regard to the second note, or in foreclosing the mortgage as against defendants for the amount still due on both notes.

The third objection is that the court erred in rendering judgment on the 12th day of February, 1934, when as a matter of fact the trial was not had until March 1st. This apparently is based on the fact that the signed judgment bears date of February

12th. On examining the record, it appears a written judgment was filed with the clerk on the 1st of March, but that above the judge's signature appeared the words, "Done in open court this 12th day of February, 1934." We have repeatedly held that the true judgment is the minute entry showing the rendition of judgment, and that the formal written judgment is merely explanatory thereof. *Kinsley* v. *New Vulture Min. Co.*, 11 Ariz. 66, 90 Pac. 438, 110 Pac. 1135; *Moulton* v. *Smith*, 23 Ariz. 319, 203 Pac. 562. Under rule VII of the Uniform Rules of Superior Courts, this formal written judgment signed by the trial judge must be *filed* at the same time as the rendition of judgment, but there is no express requirement as to when it must be *signed*. We are of the opinion that even if the formal written judgment had been prepared and actually signed by the trial judge on February 12th, it was valid for no purposes until and unless filed at the time of the rendition of judgment, and that a filing at that time complied with rule VII. The minute entries show, however, that the written judgment filed was presented to and approved by the court at the time judgment was rendered, counsel for defendants being present and making no objection thereto. This was in effect an approval as to form and a waiver of the five days' notice required by rule VII.

This disposes of the questions of law involved in the case. It appearing that there is no error in the record, the judgment appealed from is affirmed.

McALISTER and ROSS, JJ., concur.