[Civil No. 3742. Filed December 28, 1936.]

[64 Pac. (2d) 1025.]

AMERICAN SURETY COMPANY OF NEW YORK, Appellant, v. HATTIE L. MOSHER, Appellee.

554

Messrs. Townsend & Jenckes, for Appellant.

Mr. John W. Ray, for Appellee.

LOCKWOOD, C. J.—Hattie L. Mosher brought suit against the American Surety Company of New York, hereinafter called the company, asking that a certain judgment in cause No. 38152, in the Superior Court of Maricopa County, wherein the company was plaintiff and Mosher defendant, and all proceedings taken by virtue of said judgment, be declared null and void; that the cause be reopened and the issues thereof be relitigated.

The complaint is voluminous and we summarize it as follows: It states that in the previous action the company brought suit against her on an alleged indebtedness secured by a certain mortgage, and that

replying to such suit, she demurred on the ground of the statute of limitations. The case was then pending on the complaint and demurrer in Division No. 2 of the Superior Court of Maricopa County, presided over by the Honorable JOSEPH S. JENCKES, and without notice to her and without any formal motion therefor, he transferred the case to the Honorable HOWARD C. SPEAKMAN, one of the other judges of said court. The matter then remained *in status quo* before Judge SPEAKMAN for some eighteen months, when he, without any notice to Mosher that any action was to be taken and without complying with the rules of said Superior Court of Maricopa County in regard to the time in which such matters should be heard, overruled the demurrer without granting leave to answer, and on the 30th day of July, 1934, signed a judgment, which was filed with the clerk of said court, in favor of the company and against Mosher, notwithstanding the fact that Mosher had, on the same day and prior to the time said judgment was filed, filed an answer denying the allegations of the company's complaint, and served a copy of said denial upon the attorneys for the company, and that they had failed to notify the trial judge of said fact for the fraudulent purpose of obtaining a judgment on a default. The property mortgaged was sold by virtue of said judgment and bid in by the company, and thereafter redeemed by one of the judgment creditors of Mosher. She twice moved, after the judgment was rendered, to have it set aside and attempted to appeal from it, but the appeal was later dismissed by this court. She further alleged that the judgment of foreclosure was void for the reason that it was not rendered in conformity with rule 7 of the Uniform Rules of the Superior Courts, in that no copy of the proposed judgment was ever served upon her, and no judgment was rendered in accordance with said rule.

To this complaint, the company demurred on the ground that it did not state a cause of action. As a basis for the demurrer, it claimed the records in cause No. 38152, which were made a part of the complaint in the present case, showed that in said cause Mosher attacked the judgment upon the same grounds set up in the complaint in the present action, by two motions to vacate and set the same aside, and that upon hearing said motions, the court entered its order denying them, it being the claim of the company that the ruling of the court on said motions. is *res adjudicata,* and that plaintiff is estopped from again litigating the same in a different action. It further set up as a plea in bar the attempt of plaintiff to vacate the judgment by motion as aforesaid and, replying to the allegation that the foreclosure judgment was not rendered in accordance with rule 7, alleged that on the 1st day of October, 1935, the Superior Court of Maricopa County entered upon its minutes an order *nunc pro tunc* as of July 30, 1934, the date on which the judgment of foreclosure was filed with the clerk of said court, entering said judgment as of said July 30, 1934, in accordance with the written judgment which was rendered and signed in open court on the 30th day of July aforesaid. The trial court held that, except as to the alleged failure to render judgment in compliance with rule 7, all the matters set forth in plaintiff's complaint would have been barred by the judgment and motions in said cause No. 38152 had said judgment been rendered as required by rule 7, but that the failure to comply with the rule rendered the judgment void and of no effect and, therefore, all proceedings dependent on its validity also failed, and ordered that Mosher be permitted to file an answer in cause No. 38152, and that the same be tried upon its merits.

It will be seen by the foregoing summary of the complaint that this proceeding is a direct attack upon

a judgment by a separate suit, the attack, being based, in effect, upon two grounds: (a) That fraud was committed upon the trial court in obtaining the alleged judgment of July 30, 1934, by carrying the case through the various necessary steps in the superior court in violation of the rules of said court, and without proper notice to Mosher or her attorney or the court itself, of the true situation; and (b) that the alleged judgment itself was void because it was not rendered in accordance with rule 7.

 We think the trial court properly held that plaintiff herein is estopped from attacking the judgment on any ground except that it was not rendered in accordance with rule 7. It appears from the record of this case that she moved to vacate the judgment of July 30th and set forth in her motion substantially the same allegations which she sets up in her present suit, including the claim that the judgment signed and filed by the court was never served on her, and that these motions to vacate were denied by the trial court; that she appealed from the judgment; and that the appeal was dismissed. There are many cases which hold, under similar circumstances, the decision of the court on motions of this kind is a bar to an independent action to cancel or set aside the judgment on the same grounds. In *Bernhard* v. *Idaho Bank & Trust Co.*, 21 Idaho 598, 123 Pac. 481, 483, Ann. Cas. 1913E 120, an action was brought as here, to have a judgment and execution declared void. It appeared from the complaint that a judgment had been rendered in a previous action against the plaintiff in the instant case and it was claimed that for many reasons said judgment was void. It also appeared, however, that in the previous case the then defendant had moved to vacate the judgment, setting up the same grounds in substance which were raised by the complaint in

the later suit to have the previous judgment declared void. The court said, in substance, as follows:

"Under the law two remedies were open to the appellant in this matter: He could either move in the original action to have the judgment set aside on the ground that the summons had not been served on him and that the court had acquired no jurisdiction of his person, or he could have instituted this action to have said judgment set aside and to enjoin the collection of it. He made his selection, and, having proceeded by motion in the original action to have the judgment set aside, selected that as his remedy, and when the court decided the motion against him, the only recourse he had left was to appeal. It was then too late for him to abandon that remedy and pursue the remedy he is attempting to pursue in the action at bar."

See, also, *Thompson* v. *Connell*, 31 Or. 231, 48 Pac. 467, 65 Am. St. Rep. 818; *Pierce County* v. *Alexander*, 49 Wash. 599, 96 Pac. 164. Under our practice, a party aggrieved by a judgment has the same two remedies as those referred to in the Idaho case. He may move to vacate the judgment, or, if his grounds go to its validity and not to its righteousness, he may bring an independent suit to have it set aside, but, having chosen the one course, he should not be permitted, if he fails therein, to take the other. We therefore hold, as did the trial court, that plaintiff in the present suit is estopped from maintaining the judgment in the foreclosure action was void for any of the reasons set up in her motions to vacate made in such foreclosure action, which include all of the grounds raised by the plaintiff in the present case, with the exception of the one that the portion of rule 7 in regard to the rendition of the judgment was violated. The ground was not specifically raised on the motion to vacate, and since it is claimed that it goes to the jurisdiction of the court, may be raised by an independent action, such as the present one. We therefore consider that point only.

The portion of rule 7 which is under consideration reads as follows:

"No judgment shall be rendered by any Superior Court unless simultaneously with such rendition there shall be filed with the clerk a formal written judgment, signed by the trial judge."

It appears from the records in the present case that on the 30th day of July, 1934, the Honorable HOWARD C. SPEAKMAN, one of the duly elected, qualified, and acting judges of the Superior Court of Maricopa County, and the one before whom the fore-closure proceeding was pending, signed and filed with the clerk of the court a written document. This document was entitled, "Judgment and decree of fore-closure and sale" in the pending case, and recited as follows:

"This cause coming on to be heard this 9th day of July, 1934, upon plaintiff's motion for an order find-ing the defendant Hattie L. Mosher in default for want of an answer herein, and for judgment in favor of the plaintiff upon the pleadings filed in said cause, plaintiff appearing by Joseph S. Jenckes of Townsend, Jenckes & Edwards, attorneys for plaintiff, and the defendant Hattie L. Mosher appearing not, although as appears to the court from the files herein, said defendant was duly served with notice of said motion, and it further appearing to the court that said defend-ant Hattie L. Mosher filed her demurrer to plaintiff's complaint herein, and that said demurrer was argued by counsel and by the court taken under advisement, and that the demurrer was by the court overruled by order of court duly made and entered herein on the 22nd day of May, 1934, of which order said defendant had due notice, thereupon the court, upon the pleadings filed herein, the allegations whereof are admitted by the defendants, and each of them, the court does now find that the defendants and each of them are in de-fault for failure to answer plaintiff's complaint herein, and that the plaintiff is entitled to judgment as prayed for in its complaint."

Thereafter, it proceeded to set forth a judgment as prayed for in the complaint of the company, foreclosing a mortgage on certain lands in the usual manner, and ended with the following language: "Done in open court this 30th day of July, 1934. HOWARD C. SPEAKMAN, Judge." For some reason, however, not appearing in the record, there was no entry made in the minutes of the court of any judgment rendered in said cause No. 38152, on the 30th day of July, the date of the filing of the written document aforesaid, and it was contended that this showed on its face that the foregoing portion of rule 7 had been violated, and, therefore, in accordance with repeated decisions of this court, the judgment was void because the superior court was prohibited from rendering any judgment except in accordance with said rule 7. The trial court agreed with the contention of plaintiff Mosher on this point and overruled the company's demurrer and plea in bar. Thereafter, there was entered the following *nunc pro tunc* order by Judge SPEAKMAN, on the 1st day of October, 1935, in cause No. 38152, in the following language:

"Ordered *nunc pro tunc* as of July 30, 1934, that judgment be entered herein in favor of the plaintiff American Surety Company of New York, and against the defendant Hattie Mosher in accordance with the written judgment rendered and signed in open court this 30th day of July, 1934."

And the company then filed an amended plea in bar and motion to vacate the order overruling the original plea in bar, alleging that said order was made by Judge SPEAKMAN in order to correct the minutes of his court to conform to the true facts. The motion was denied and judgment rendered in favor of plaintiff Mosher, setting aside the judgment in cause No. 38152, for the reason that it had not been rendered in conformity with rule 7.

■ Since this is a direct attack upon the judgment in No. 38152, if it appears that the same was rendered contrary to the provisions of rule 7, under repeated decisions of this court it should be set aside, unless the defendant can establish one of the recognized defenses to direct attacks in general. *Chiricahua Ranches Co.* v. *State*, 44 Ariz. 559, 39 Pac. (2d) 640; *Miller* v. *Arizona Bank*, 45 Ariz. 297, 43 Pac. (2d) 518; *Collins* v. *Superior Court, ante*, p. 381, 62 Pac. (2d) 131 (just decided). But it is claimed by the company that the *nunc pro tunc* entry, as aforesaid, corrects any apparent violation of rule 7 by showing that, as a matter of fact, it actually was complied with on July 30, 1934, when the judgment in the foreclosure suit was rendered. We must, therefore, determine first just what is required by rule 7, and, second, how a compliance with the rule may be shown. It will be noted that the rule requires, as a requisite to the validity of any judgment, three things: (a) A formal written judgment signed by the trial judge and filed with the clerk, (b) a rendition of judgment by the court, and (c) that these acts be done simultaneously.

■ We first consider what is meant by (a) obviously this requires a written document setting forth, in appropriate legal terms, what the judgment of the court is, and that it be signed by the judge and filed with the clerk. The document of course speaks for itself. The next requisite (b) is that a judgment be "rendered" by the court.

■ The rendition of a judgment is the act of the court in pronouncing its judgment, and differs from the entry or filing of the judgment in that the former act is the declaration of the court from the bench announcing its decision, while the entry is the act of the clerk in writing it upon the records of the court. *Kinsley* v. *New Vulture Min. Co.*, 11 Ariz. 66, 90 Pac.

438, 110 Pac. 1135; *Gray* v. *Palmer*, 28 Cal. 416; *Martin* v. *Pifer*, 96 Ind. 245; *Coe* v. *Erb*, 59 Ohio St. 259, 52 N. E. 640, 69 Am. St. Rep. 764; *In re Cook's Estate*, 77 Cal. 220, 17 Pac. 923, 19 Pac. 431, 11 Am. St. Rep. 267, 1 L. R. A. 567; *State* v. *Brown*, 31 Wash. 397, 72 Pac. 86, 62 L. R. A. 974. The rule, as will be seen, makes no reference whatever to the "entry" of the judgment, but requires merely its "rendition." Since, however, the rendition is generally, if not always, an oral act by the court from the bench, it is necessary that a permanent record of that fact be made in some manner, for otherwise there would be no certain and positive method of determining what the judgments rendered were. For this reason, it has always been taken as a matter of course that the higher or more important courts, whose orders and judgments require permanency, keep some record of their actions. *Wilder* v. *Bush*, 201 Ala. 21, 75 So. 143; *Dougherty* v. *Commonwealth*, 69 Pa. 286. This is sometimes required by statute, either directly or by inference. Section 3704, Rev. Code 1928. But even if there is no express provision to that effect in the statute, it is practically invariably required either by custom or rule of court. This is generally done in what is called a minute-book, which is kept by the clerk, showing the actions of the court from time to time during the day, and when reduced to a permanent written form is usually approved and signed by the trial judge. *Stephens* v. *City Council*, 132 Iowa 490, 107 N. W. 614. And such minutes are generally the only official record of the actions of the trial court and the only manner in which its actions may be shown. If, therefore, it becomes necessary to establish that a judgment was rendered at a certain time, certainly the proper, if not the only legal, method of showing that fact is by the minutes of the trial court. *Kinsley* v. *New Vulture Min. Co., supra; Griffith* v. *State Mutual*

*Building & L. Assn.*, 46 Ariz. 359, 51 Pac. (2d) 246. It follows that if no minute entry appears showing that judgment was rendered, the presumption is that rule 7 has not been complied with. *Griffith* v. *State Mutual Building & L. Assn., supra.* When the first plea in bar was passed on, apparently the record failed to show any minute entry to the effect that judgment was rendered in cause No. 38152 on July 30, 1934, and on that state of the record, the court correctly held that it did not appear the rule had been complied with, and the plea in bar was properly overruled. The company, however, apparently recognizing its situation, applied to Honorable HOWARD C. SPEAKMAN, who had passed on all of the legal questions in cause No. 38152, and had signed the formal written judgment filed with the clerk on July 30th, for an order *nunc pro tunc,* correcting the minutes of that date, to show that judgment was, as a matter of fact, actually rendered in cause No. 38152 on that day. This order was made in the language above set forth. If Judge SPEAKMAN had the power to make the order *nunc pro tunc* as of July 30th, then the minutes did show that the judgment was properly rendered in open court, as required by the rule, on July 30, 1934. We consider then the nature, requisites, and effect of a *nunc pro tunc* order.

 The object of an order *nunc pro tunc* is not the rendering of a new judgment and the ascertainment and determination of new rights, but is only the placing in proper form on the record the judgment that had been previously actually rendered, in order that the record may speak the truth so as to make it show what the judicial action really was. Its office is not to supply omitted action by the court, but to furnish the record of an action really had, where its recording was omitted through inadvertence or mistake. *Wilmerding* v. *Corbin Banking Co.*, 126

Ala. 268, 28 So. 640; *Perkins* v. *Haywood,* 132 Ind. 95, 31 N. E. 670. The question then is whether a *nunc pro tunc* order may be based on the personal recollection of the court, or must be founded upon some written memoranda of some kind in the case and among the files of the court. This question was discussed in the case of *Wight* v. *Nicholson,* 134 U. S. 136, 10 Sup. Ct. 487, 33 L. Ed. 865, and after a careful examination of the authorities, the court came to the conclusion that a court had the right at any time to amend its records by inserting what had been omitted, basing its action either on written evidence in the papers connected with the case or on its own memory. See, also, *Grover* v. *Hawthorne,* 62 Or. 65, 116 Pac. 100, 121 Pac. 804; *Moerecke* v. *Bryan,* 183 Ind. 591, 108 N. E. 948; *Thaler* v. *Niedermeyer,* 185 Mo. App. 250, 170 S. W. 383. In this case, however, the written judgment itself furnished sufficient evidence even under the strictest rule to authorize the entry of the order without notice, for it recites over the signature of the trial judge that it was "done in open court" on July 30th, and in such case application for the order might be without notice to the opposing party, even though the rights of third parties are affected. *Collier* v. *Catherine Lead Co.,* 208 Mo. 246, 106 S. W. 971. There remains for consideration only (c), which is, were (a) and (b) done simultaneously, as required by the rule?

The word "simultaneously," strictly speaking, means "at the same time," but it is not always construed to require absolute synchronism from beginning to end. The events may be substantially or relatively simultaneous without being absolutely so. *Westinghouse Mach. Co.* v. *C. & G. Cooper Co.,* (C. C. A.) 245 Fed. 463. In view of the reason for the adoption of rule 7, as set forth in *Chiricahua Ranches Co.* v. *State, supra,* we think that so long as the two acts

required are performed so that they will not be considered as separate in time as a matter of law, the actions are simultaneous within the meaning of the rule. Practically speaking, it means that the acts are done on the same day, since the law ordinarily does not separate a day into parts.

■ We hold, therefore, that it was within the jurisdiction and discretion of Judge SPEAKMAN to correct the minutes of July 30, 1934, at any time to show what was actually done in regard to the rendition of judgment on that day, by an order *nunc pro tunc,* and that when this was done, as appears by the record in the present case, it fully satisfied the requirements of rule 7, the minute entry as thus amended showing that judgment had actually been rendered simultaneously with the signing and filing of the formal written judgment. Such being the case, the learned trial judge in the present action should have sustained the company's amended plea in bar and rendered judgment in its favor.

The judgment of the trial court is reversed, and the cause remanded for further proceeding in accordance with this opinion.

McALISTER, J., concurs.

ROSS, J., concurs in the result.