480 P.2d 41

Harvey FINGER and Thelma L. Finger, his wife, Appellants,

v.

James A. BEAMAN, Charles J. Minning, K. A. Phillips, as members of the Employment Security Commission of Arizona, Harold C. Bennett, Director of the State Personnel Commission, Theodore Hawkins, State Commissioner of Finance, and Charles Vance, Appellees.

No. 1 CA–CIV 1259.

Court of Appeals of Arizona, Division 1, Department A.

Jan. 28, 1971.

Rehearing Denied March 1, 1971.

Review Denied April 6, 1971.

Gary Peter Klahr, Phoenix, for appellants.

Gary K. Nelson, Atty. Gen. by James R. Redpath, James Tucker and Walter B. Brown, Asst. Attys. Gen., for appellees.

STEVENS, Presiding Judge.

The appellants were the plaintiffs in the Superior Court and the appellees were the

defendants. In brief, Harvey Finger sought to have Charles Vance declared ineligible to hold the position which he holds with the Employment Security Commission of Arizona and he further requested a declaration that he was one of those eligible for appointment to that position.

The trial court sustained motions, filed by the defendants, to dismiss the complaint. A judgment of dismissal was entered and this appeal followed. No pleadings were filed by the defendants in addition to their motions to dismiss.

In the trial court the defendants Bennett and Hawkins were represented by Mr. Redpath. The remaining defendants were represented by Mr. Tucker.

Two actions have been filed by the plaintiffs in the Superior Court. These actions are cause number C–222414 which we will designate as the first action and cause number C–224476 which we will designate as the second action. It is the second action which is before us on appeal.

In their motion to dismiss Bennett and Hawkins urged three points. These points may be summarized as follows: the failure to state a claim for relief; the facts alleged as a matter of law show no abuse of discretion; and that the plaintiffs are estopped by the judgment entered in the first action, the judgment being *res judicata*. A certified copy of the judgment in the first action was attached to the motion as an exhibit. So far as the record before us discloses, the only portion of the first action expressly called to the attention of the trial judge was the certified copy attached to the motion. The basis of the motion to dismiss filed by the remaining defendants was that the complaint failed to state a claim for relief.

The record does not expressly recite that the trial judge took judicial notice of the first action in whole or in part. This must affirmatively appear in the record. Lakin Cattle Company v. Engelthaler, 101 Ariz. 282, 419 P.2d 66 (1966).

The complaint as well as the judgment in the first action are before us. However, we cannot base our decision upon a comparison of the two complaints, the record being silent that the trial court in fact took judicial notice of the entire file in the first action. Under these circumstances we cannot apply the principle that a judgment may be *res judicata* in a second action if the point in controversy was or could have been decided in the first action. Cases of interest in relation to this applicability of the doctrine of *res judicata* are Hoff v. City of Mesa, 86 Ariz. 259, 344 P.2d 1013 (1959); State v. Little, 87 Ariz. 295, 350 P.2d 756 (1960); and Day v. Estate of Wiswall, 93 Ariz. 400, 381 P. 2d 217 (1963). The certified copy of the judgment in the first action, which certified copy was attached to the motion to dismiss, is not adequate to meet the test as to the point which was or could have been adjudicated without an examination of the pleadings leading up to the entry of the judgment.

We have been informed as to the circumstances leading up to the judgment in the first action, but this information may not be considered by us as the record failed to disclose that these circumstances were considered by the trial court.

In the light of the foregoing, the record does not sustain that portion of the judgment in the second action which recites that the trial court finds:

"that Plaintiffs have alleged facts which are estopped by a judgment previously rendered in Maricopa County Cause C222414 and which is res judicata of the claims herein asserted;"

In this analysis of the record we expressly refrain from stating our opinion as to whether the first action, properly called to the attention of the trial court, would have been sufficient to sustain the defense of *res judicata*.

We are, then, limited to the sufficiency of the complaint to state a claim for relief. Briefly the complaint alleges that the office of Chief of Contributions of the Employment Security Commission was vacant; that the Employment Security Commission

sought the aid of the State Personnel Commission to conduct an examination of applicants; that at the time Vance was an employee of the Employment Security Commission; that the plaintiff Finger passed the examination but that Vance did not pass the examination and was therefore not eligible to be placed upon the list from which the applicants must be chosen for the position in question; and that Vance was nevertheless appointed.

■ The defendants cite paragraph 1211 [1] of the Regulations of the State Personnel Commission and based upon this paragraph they urge that Vance, as an employee of the Employment Security Commission, was eligible for a promotional appointment within the Employment Security Commission without the necessity of taking an examination. In our opinion this defense is not well taken for two reasons: First, the Employment Security Commission elected to use the State Personnel Commission examination procedure; and second, there was no showing before the trial court, and there is no showing before this Court, that the necessary prerequisites to authorize the privilege of making promotional appointments, which prerequisites are set forth in the aforesaid paragraph 1211, were in fact promulgated or complied with.

We expressly refrain from stating an opinion as to the merits of the lawsuit or the defenses thereto. There are numerous interesting potential points which we do not feel obligated to discuss, freeing the trial court in its consideration of this case.

The record made in the trial court was not adequate upon which the trial court could properly sustain the motions to dismiss and this cause is reversed with directions to deny the motions to dismiss and for such further proceedings as may be appropriate not inconsistent with this opinion.

DONOFRIO, J., and J. THOMAS BROOKS, Judge of Superior Court, concur.

NOTE: The Honorable JAMES DUKE CAMERON, a member of this Court at the time of the oral argument, requested that he be relieved from the consideration of the merits of this appeal and The Honorable J. THOMAS BROOKS, a Judge of the Superior Court, was called to sit in his place.

1. 1211. *Internal Promotions.* Each participating state agency not electing to request promotional registers from the merit system as a continuing policy, shall make promotions from among its own employees or those of all the participating agencies, in accordance with internal policies and procedures of the agency that:
   (a) are in writing and available to all employees, and have been approved by the Merit System Board,
   (b) provide methods assuring adequate consideration of all eligible and interested employees with permanent status,
   (c) provide for review of such factors as quality and length of service and indicated possession of aptitudes and qualifications required in the new work,
   (d) provide for certification by the Merit System Director that any individual to be promoted meets the current minimum education and experience requirements, except when he is being continued in a position that is reclassified, without a change in duties.