504 P.2d 58

**Christine FRIDENA, a widow, Appellant,**

**v.**

**MARICOPA COUNTY, a political subdivision of the State of Arizona, and J. Robert Stark, Barney Burns and Henry H. Haws, as members of and constituting the Board of Supervisors of Maricopa County, John Mummert, Sheriff of Maricopa County, and Georgiana Mummert, his wife, Robert H. Renaud and Margaret Renaud, husband and wife, Appellees.**

**No. 1 CA–CIV 1641.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 14, 1972.

Miller & Haggerty, by Philip M. Haggerty, Phoenix, for appellant.

Jennings, Strouss & Salmon, by William R. Jones, Jr., and Rex E. Lee, Phoenix, for appellees Maricopa County, Stark, Burns, Haws, and Mummert.

Val A. Cordova, J. Gordon Cook, Joseph B. Miller and John H. Seidel, Phoenix, for appellees Renaud.

D. L. GREER, Superior Court Judge.

Appellant Christine Fridena brings this appeal from a judgment granting defendants summary judgment in Maricopa County Superior Court. In her complaint plaintiff Fridena alleged several counts of tortious conduct by defendants in the issuance and service of a writ of restitution.

Defendant Robert H. Renaud previously brought an action of forcible entry and detainer against Physicians and Surgeons Hospital, Inc. The forcible detainer action was assigned Maricopa County Superior Court No. 222278. Plaintiff Fridena was not joined in the action. The case was tried to a jury before The Honorable William A. Holohan on 16 May 1969. At the close of the case the Court pronounced a directed verdict in favor of Renaud, finding the Physicians and Surgeons Hospital, Inc., guilty of forcible detainer. A minute entry was entered on May 16 reflecting the Court's pronouncement of verdict and findings.

A formal written judgment was presented to the trial judge on 20 May 1969. Simultaneously the following minute entry was entered:

"A form of judgment having been presented, the Court finds that there is a forceable detainer action and therefore, pursuant to the spirit of the statute made and provided in said cause that there is no necessity for said judgment to be lodged and it is

"ORDERED that the formal written judgment is signed, settled and approved this date."

By the judgment, Renaud was granted possession of the premises and further granted judgment against the Physicians and Surgeons Hospital for rent due in the sum of $15,000 and:

". . . that a Writ of Restitution will issue out of this court in favor of the Plaintiff and against the Defendant five days after the date of this judgment if the Defendant has not surrendered the premises prior to that date."

The judgment was delivered to the trial court's deputy clerk on said May 20, 1969. However, the filing stamp indicating filing not affixed until 21 May 1969. Thereafter with the Superior Court Clerk's office was on 28 May 1969 a writ of restitution was issued and executed. It is worded as follows:

"Whereas, the plaintiff above named, on the 20th day of May, 1969, recovered a judgment in the Superior Court of the State of Arizona in and for the County of Maricopa, against PHYSICIANS AND SURGEONS HOSPITAL, INC., an Arizona corporation, that he, the above-named Plaintiff, have restitution of the following described premises situated in the County of Maricopa, State of Arizona, to wit:

(Property description incorporated by reference thereto)

and that he recover from the said PHYSICIANS AND SURGEONS HOSPITAL, INC., an Arizona corporation, the sum of FIFTEEN THOUSAND AND NO/100 ($15,000.00) DOLLARS for rent due and unpaid at the date of judgment.

"NOW, THEREFORE, you the said officer to whom this Writ is directed, are hereby commanded to cause the said PHYSICIANS AND SURGEONS HOSPITAL, INC., an Arizona corporation, to be forthwith removed from the said premises, and that you deliver the peaceable possession thereof to the said Plaintiff ROBERT H. RENAUD and that you maintain and defend his peaceable possession of said premises, and that out of the personal property of said PHYSICIANS AND SURGEONS HOSPITAL, INC., an Arizona corporation, you cause to be levied the rents aforesaid, together with the sum of ONE HUNDRED FIVE AND 10/100 ($105.10) DOLLARS costs and that you return this Writ with your doings thereon."

At the time the writ was executed, deputy sheriffs of Maricopa County physically removed plaintiff Fridena from the hospital premises and caused her arrest for obstructing justice during the process of removing her.

The case *sub judice* was filed by Mrs. Fridena against Robert H. Renaud and Margaret Renaud, husband and wife (here-

inafter referred to as "Renaud"), John Mummert, the Maricopa County Sheriff, and his wife, Georgiana Mummert (hereinafter referred to as "the Sheriff"), and Maricopa County, together with its Board of Supervisors (hereinafter referred to as "the County"). Plaintiff alleges tortious conduct by the County in that:

1) The writ of restitution was prematurely issued and that the deputy sheriffs acting as agents of the County were negligent to plaintiff by failing to ascertain the legality of the writ;

2) That the County deprived the Plaintiff of the lawful use and benefit of her property; and

3) That, at the time the writ was served, the County committed an assault and battery upon Mrs. Fridena by "laying hands upon her" which was not privileged by the terms of the writ;

4) That the County caused the arrest of Mrs. Fridena for obstructing justice while knowing or should have known that the charges were false;

5) That the above acts of the County subjected her to grave humiliation and were the direct cause of her severe emotional distress and that these acts were done for the purpose of said distress or with the knowledge that such distress would occur.

Plaintiff's complaint further alleges tortious conduct against Renaud in that he:

1) Caused the writ of restitution to be issued and served prematurely;

2) Directed the deputy sheriffs to execute the writ in the illegal manner as described in the allegations against the County.

The several defendants by their respective counsel filed general denials, then moved for summary judgment. Defendant Renaud's motion for summary judgment incorporated attached affidavits alleging that Renaud did not direct or advise the Maricopa County Sheriff in the manner of executing the writ nor instruct the Sheriff in the amount of force to be used and that he was not present at the time nor did he ratify or affirm the actions of the officers.

The County's motion for summary judgment incorporated a copy of a criminal complaint charging plaintiff with obstructing police officers in the performance of their duties. Plaintiff did not allege controverting facts but merely alleged facts concerning her arrest and incarceration in the City of Phoenix jail. Judge Irwin Cantor granted summary judgment on 13 October 1970. Appeal is taken from said judgment.

On appeal we are asked to review the decision of the trial court in granting summary judgment as to each of the allegations in the complaint.

■ We are aware of the fact that there are numerous actions brought each year in this state against the Sheriff, his deputies, and the various counties. The State Supreme Court has never been called upon to determine whether a county is automatically liable for every tort committed by its deputies. The County exercises supervision of all county officers as provided by A.R.S. § 11–251, subsec. 1. Inasmuch as the Sheriff is a county officer under A.R.S. § 11–401 subsec. A, par. 1. the County exercises supervision of the official conduct of the Sheriff. However, in the instant case, the County, having no right of control over the Sheriff or his deputies in service of the writ of restitution, is not liable under the doctrine of *respondeat superior* for the Sheriff's torts. 77 C.J.S. Respondeat Superior p. 319. In 57 Am. Jur.2d, Municipal, etc., Tort Liability, Sec. 86 at pp. 97, 98, it is stated:

"When duties are imposed upon a county treasurer, or upon a board of county commissioners by law rather than by the county, the latter will not be responsible for their breach of duty or for their nonfeasance or misfeasance in relation to such duty. Furthermore, where the duties delegated to officers elected by public corporations are political or governmental, the relation of principal and

agent does not exist and the maxim 're-spondeat superior' does not govern."

See also Moore v. Maricopa County, 11 Ariz.App. 505, 466 P.2d 56 (1970), wherein the Court of Appeals found no tort liability as to Maricopa County in the operation of a jail with the City of Tolleson for the reason that the County had no right to control. The motion for summary judgment was properly granted as to the County.

■ The next question for review is whether the writ of restitution was prematurely issued. A.R.S. § 12–1178, subsec. C reads as follows:

"No writ of restitution shall issue until the expiration of five days *after the rendition of judgment.*" (Emphasis supplied)

Rule 58(a), Rules of Civil Procedure, 16 A.R.S., as amended, provides:

"Entry. All judgments shall be in writing and signed by a judge or a court commissioner duly authorized to do so. The filing with the clerk of the judgment constitutes entry of such judgment, and the judgment is not effective before such entry, . . . "

Plaintiff argues that because the judgment was filed with the clerk's office on 21 May 1969 and the writ of restitution was issued and executed on 28 May 1969, the writ was issued on the fifth day after the judgment became effective under Civil Rule 58(a) and therefore was issued in violation of A.R.S. § 12–1178, subsec. C. Plaintiff includes in her time computation the omission of an intervening Saturday and Sunday as mandated by Civil Rule 6(a), Rules of Civil Procedure, 16 A.R.S.

We do not agree that the writ of restitution was issued prematurely.

■ There are several cases from the Arizona Supreme Court which make it clear that "entry of judgment" and "rendition of judgment" are not synonymous. Moulton v. Smith, 23 Ariz. 319, 203 P. 562 (1922); Kinnison v. Superior Court, 46 Ariz. 133, 46 P.2d 1087 (1935); American

Surety Co. v. Mosher, 48 Ariz. 552, 64 P. 2d 1025 (1936).

In the American Surety Co. case just cited, the distinction is well drawn:

"The rendition of a judgment is the act of the court in pronouncing its judgment, and differs from the entry or filing of the judgment in that the former act is the declaration of the court from the bench announcing its decision, while the entry is the act of the clerk in writing it upon the records of the court. . . . rendition is generally, if not always, an oral act by the court from the bench, . . . " 48 Ariz. at 561, 562, 64 P.2d at 1029.

The case goes on to state that the proper method of showing the time of the rendition of the judgment is the minute entry which reflects the oral rendition.

■ We hold, therefore, that the judgment in cause number C–222278 was rendered on 20 May 1969.

Although the cases cited were decided prior to the adoption of Civil Rule 58(a), we do not believe that this should alter our holding.

In Moore's Federal Practice (2nd Ed.) Vol. 6, § 54.02, p. 102 (1953), where the word "judgment" is discussed as used in Federal Rules, Professor Moore points out that the distinction between "rendition of judgment" and "entry of judgment" must be kept in mind. He states:

"Rendition of judgment signifies the pronouncement or annunciation of the adjudication or judgment of the court, not the entry nor the recordation of the judgment."

Since the adoption of Rule 58(a) we find no cases interpreting the effect of the word "rendition" as used in A.R.S. § 12–1178, subsec. C. However, we find two cases which we believe are helpful in supporting our holding.

In Black v. Industrial Commission, 83 Ariz. 121, 317 P.2d 553 (1957), Justice Struckmeyer's dissent, concurred with by Justice Johnson, the distinction between

**532**

"rendition" and "entry" of judgment was again drawn. The majority's opinion made no disagreement with this distinction but disagreed with the conclusion reached by the dissent on other grounds. It is also material to note that the case involved the validity of a *nunc pro tunc* order in a divorce case where the statutes involved made no reference to rendition of judgment and thus did not present the statutory-procedural conflict.

The second case we deem important is Jackson v. Sears, Roebuck & Co., 83 Ariz. 20, 315 P.2d 871 (1957). There, the timeliness of a writ of execution was in issue under A.R.S. § 12–1551, subsec. A which provided for the issuance of a writ of execution to enforce a judgment within five years "after entry of the judgment." The case recognized that the weight of authority and statutory trend in other jurisdictions did not require formal entry after pronouncement or rendition of judgment in order for valid execution to issue. It went on to hold, however, that in this state both the statute and Rule 58(a) made it mandatory that judgment be entered prior to execution.

■■ Because the statute in the case at bar specifically refers to "rendition", it is our opinion that the statute is controlling over the civil rule. We further believe that, because the statutory action of forcible entry and detainer is well recognized to have been adopted to provide a summary and speedy remedy for obtaining possession of premises illegally withheld, Olds Bros. Lumber Co. v. Rushing, 64 Ariz. 199, 167 P.2d 394 (1946); Heywood v. Ziol, 91 Ariz. 309, 372 P.2d 200 (1962), the procedural language of the statute is substantive in nature and an integral part of the right itself. Thus, Civil Rule 58(a) cannot be held to supersede the procedure outlined in the statute. Hinton v. Hotchkiss, 65 Ariz. 110, 174 P.2d 749 (1946).

The writ of restitution was not prematurely issued as the rendition of judgment on 20 May 1969 was more than five (5)

days prior to the issuance of the writ on 28 May 1969.

■■ Further, Renaud's affidavit denying any complicity in the service of the writ, in encouraging its service or ratifying the acts of the deputy sheriffs in its service was not controverted by any deposition, answers to interrogatories, admissions or affidavits submitted by plaintiff. Under these circumstances the plaintiff cannot rest on the mere allegations in her complaint. Stevens v. Anderson, 75 Ariz. 331, 256 P.2d 712 (1953); Patton v. Paradise Hills Shopping Center, Inc., 4 Ariz. App. 11, 417 P.2d 382 (1966); and Abernethy v. Smith, 17 Ariz.App. 363, 498 P.2d 175 (1972). Having failed to come forward with facts showing there was a genuine issue for trial, the remaining allegations as to the Renauds were properly dismissed on summary judgment. One in whose behalf a writ of restitution is executed is *not* liable for the manner in which it is executed if he did not direct its execution. 35 Am.Jur.2d, Forcible Entry and Detainer, Sec. 53, p. 927 (1967). The summary judgment in favor of Renaud is affirmed.

■ The next question for review pertains to whether the complaint states a claim against the Sheriff for the deprivation of the use of plaintiff's personal property. Plaintiff argues that, even if her eviction was legal, she should have been given the opportunity to remove her personal property. Generally, in a forcible entry and detainer action, it has been held that an officer executing a writ of restitution should remove not only the defendant, but should also remove his property to a place for safekeeping. 36A C.J.S. Forcible Entry and Detainer § 75, p. 1045 (1961). There are no allegations in the pleadings to indicate the Sheriff did not take plaintiff's property into his possession and safely store it. Summary judgment as to these allegations is therefore affirmed.

■ The next question for review is whether plaintiff's complaint alleges as-

sault by the deputies in laying their hands on plaintiff in the execution of said writ. The Sheriff maintains on appeal that plaintiff was a vice-president of Physicians and Surgeons Hospital, Inc., and, therefore, had a possessory interest in the premises. It is clearly the law that one who is privy to the defendant in a forcible entry and detainer action may be removed therefrom by officers executing a writ of restitution. 36A C.J.S. Forcible Entry and Detainer § 75, p. 1046, and cases cited therein. There is no allegation of privity in the complaint and no allegation of such relationship in the affidavits attached to the motion for summary judgment. Therefore, it appears there is a genuine factual issue as to plaintiff's legal status at the time the writ was served. We hold that summary judgment should not have been granted the Sheriff on this claim and the judgment is reversed as to this claim. Appellant's opening brief refers to the transcript in a criminal action brought against Mrs. Fridena. Although plaintiff referred to these transcripts in her responding motion to the motion for summary judgment and again referred to them in the briefs before this Court, they are not a part of the record on appeal and we cannot consider them. Lawless v. St. Paul Fire and Marine Insurance Company, 100 Ariz. 392, 415 P.2d 97 (1966); Patton v. Paradise Hills Shopping Center, 4 Ariz.App. 11, 417 P.2d 382 (1966). Even had the transcripts been transferred to this Court, we would not have been able to consider them. There is absolutely no notation in the trial court's record that the trial judge took judicial notice of the transcripts and, therefore, it must be assumed that he did not do so. State v. Flowers, 9 Ariz.App. 440, 453 P.2d 536 (1969); Finger v. Beaman, 14 Ariz. App. 18, 480 P.2d 41 (1971).

Finally, we are asked to review the issue of false arrest and subjecting plaintiff to humiliation and emotional distress. From the pleadings, we are uncertain as to whether the plaintiff is alleging false arrest or malicious prosecution. Whichever the case may be, we believe that plaintiff has sufficiently pled that there was tortious conduct committed upon her arising out of the arrest for obstructing. While the Sheriff denies the tort, he admits that arrest occurred and that criminal charges were filed. Ignoring the references to the transcript in the Fridena criminal matter, the facts relating to this issue are the certified copies of the criminal complaint charging Mrs. Fridena with obstructing the deputies in the performance of their duty and the matters from city court indicating that the trial was set for 18 June 1969 and on that date bail was forfeited. The minutes do not indicate that counsel for the State and Mrs. Fridena were present and there is an affidavit by Mrs. Fridena that she was never informed that she was required to appear before the city court; that after her release on bond she made no further appearances in the city court and never entered a plea of any kind to the charge.

We reject the arguments of both plaintiff and the Sheriff that these facts show any type of abandonment of the criminal proceedings which would amount to an admission by either side. There is a genuine issue of material fact as to this count. Granting of summary judgment was improper and this case is remanded for further proceedings on this count.

As to the count alleging that the actions of the Sheriff subjected plaintiff to grave humiliation and caused severe emotional distress, summary judgment is affirmed except insofar as the claim charges humiliation and emotional distress relating to false arrest or malicious prosecution.

The case is affirmed in part, reversed in part and remanded to the trial court for further proceedings not inconsistent with this opinion.

STEVENS, P. J., and CASE, J., concur.

NOTE: FRANCIS J. DONOFRIO, J., having requested that he be relieved from the consideration of this matter, D. L. GREER, a Judge of the Superior Court, was called to sit in his place.