513 P.2d 386

**Harvey FINGER and Thelma L. Finger, his wife, Appellants,**

**v.**

**James A. BEAMAN, Charles J. Minning, K. A. Phillips, as members of the Employment Security Commission of Arizona; Harold C. Bennett, Director of the State Personnel Commission; Theodore Hawkins, State Commissioner of Finance; and Charles Vance, Appellees.**

**No. 1 CA–CIV 1916.**

Court of Appeals of Arizona,
Division 1,
Department A.

Aug. 28, 1973.

Rehearing Denied Oct. 30, 1973.

Review Denied Nov. 27, 1973.

Gary Peter Klahr, Phoenix, for appellants.

Gary K. Nelson, Atty. Gen., by James A. Tucker, Asst. Atty. Gen., for appellees The Employment Security Commission of Ariz. and Vance by James R. Redpath, Asst. Atty. Gen., for appellees Bennett and Hawkins.

## OPINION

STEVENS, Judge.

For a number of years James Hammill had been the Chief of Contributions of the Employment Security Commission of Arizona. The position of Chief of Contributions is an administrative office high in the hierarchy of the internal organization of the Employment Security Commission. In anticipation of Hammill's retirement the Employment Security Commission contacted the State Personnel Commission with reference to conducting a competitive examination to fill the position of Chief of Contributions. Prior to the giving of the examination the format thereof was settled. The Watson-Glazer Critical Thinking Test, a written test, was to be weighted at 10% of the total score. The General Administrative Test, also a written test, was to be weighted at 20% of the total score. Those candidates who did not pass the written test would be eliminated. Those who were successful would be given an oral interview by an Oral Evaluation Board comprised of three persons experienced in the field of administration. The results of the oral interviews, separately scored by each of the interviewers, were to be weighted at 70% of the total score. It was decided to have the Personnel Commission certify the five top candidates to the Employment Security Commission and from this list the Employment Security Commission would make its appointment. The written examinations were graded on a curve to assure that at least five persons

were available for the Oral Evaluation Board and for the eventual consideration by the Employment Security Commission.

There was in existence a General Administration Test which was considered to be a standard test containing several distinct sections, all contained in one booklet and with but one answer sheet. For the purposes of the examination this booklet was assigned a separate time interval for the completion of this segment of the written portion of the examination. The Employment Security Commission believed that some basic knowledge of accounting would be desirable and a 25-question supplement to the General Administration Test was prepared. This was a separate booklet with a separate answer sheet and was allotted a separate time interval for completion.

Prior to the examination the decision was made that notwithstanding the physical separation of the accounting test, it was an integral part of the General Administration Test and that the grading thereof would be an integral part of the grade earned for the General Administration Test.

A sheet containing a general outline of the duties of the Chief of Contributions was prepared. There was an evaluation form for the use of each member of the Oral Evaluation Board which suggested several areas of inquiry such as appearance, education and experience, together with sub-areas. The examination was a "one-time" examination, the reason being that vacancies seldom occur in the position of Chief of Contributions.

The examination was announced on 13 February 1969, calling for the written test to be taken on 26 February 1969. Eight persons, including Harvey Finger, one of the appellants, and Charles Vance, an appellee, took the written examination. Six persons, including Finger and Vance, were certified to have passed the written examination and the six appeared separately before the Oral Evaluation Board. In the original listing of the overall examination

results Finger was listed first and Vance was listed sixth. Vance was appointed by the Employment Security Commission to the position of Chief of Contributions and worked briefly with Hammill prior to the time of Hammill's formal retirement.

Finger filed a lawsuit, Maricopa County Superior Court No. C–222414, to test the validity of the Vance appointment. This case was resolved by a consent judgment which was filed on 16 May 1969 and which provided, in part:

"It Is Therefore Ordered, Adjudged And Decreed, that within ten (10) days from the date of the entry of this order:

"1. The members of the State Personnel Commission of Arizona will be and are hereby restrained from utilizing the rounding-off method of computing the eligibility list for purposes of filling the position of Chief of Contributions to the Employment Security Commission, and from applying a Veteran's preference.

"2. The State Personnel Commission of Arizona is hereby ordered to prepare a new list for certification to the Employment Security Commission of eligible candidates for the position of Chief of Contributions based upon the actual scores received from the testing heretofore conducted all in accordance with A.R.S. § 38–904(6).

"3. That said new list will be submitted to the Employment Security Commission upon its request, and the position of Chief of Contributions will be filled from the new list of eligible candidates so submitted."

The person listed as the second high man on the first list of examination results which was furnished by the Personnel Commission to the Employment Security Commission withdrew his application. The judgment was complied with and a new list was certified to the Employment Security Commission on which Finger had the high score of 84.8 and Vance was number five with a score of 80.4. Vance was again appointed. Vance and Finger, as well as the number two man, were employees of the Employment Security Commission before the examination and continued to be so employed after Vance's second appointment.

Finger then filed the present lawsuit, and on the basis of the 16 May judgment, a judgment was rendered against him. This was reversed on appeal. See Finger v. Beaman, 14 Ariz.App. 18, 480 P.2d 41 (1971). Thereafter the present lawsuit was tried, a judgment was rendered against Finger, and the present appeal was perfected.

In Taylor v. McSwain, 54 Ariz. 295, 95 P.2d 415 (1939), our Supreme Court recognized that civil service rules may be drawn so as to leave some reasonable discretion in the examining body. The Court recognized that while these rules may be changed, the rules in effect at the time of the examination are binding and must be followed. In Civil Service Board of City of Phoenix v. Warren, 74 Ariz. 88, 244 P. 2d 1157 (1952), our Supreme Court held that where the city ordinances of the City of Phoenix require that a comprehensive record be kept of oral examinations as part of an examination, the failure to do so rendered the examination invalid.

Finger urges many matters and we touch upon those which we deem to be vital. He urges that the accounting test, as it was given, was not part of and was not a supplement to the General Administration Test. He urges that Vance failed to pass the accounting portion of the test and therefore failed one of the written tests and so did not become eligible to appear before the Oral Evaluation Board. It is Finger's position that under these circumstances Vance was not eligible to be upon either of the lists certified by the State Personnel Commission to the Employment Security Commission and thus it is urged that Vance's appointment is invalid. From our review of the evidence it is clear to us that even though the accounting aspect of the written examination was in a separate booklet, had a separate answer sheet and a separate time element, it was at all times

the intent of the examiners that it be an integral part of the General Administration Test. We hold that the evidence does not sustain Finger's position.

Finger presented evidence to the effect that oral evaluation is not looked upon with favor. There was evidence to the contrary, and an oral evaluation is expressly provided for in the Personnel Commission rules.

Finger presented evidence that a weighting of 70% based upon an oral evaluation is too high a percentage. In this instance the Personnel Commission Rules governing such examination are silent on this subject. All candidates were subject to the same predetermined weighting standards and the record contains no proof that the Personnel Commission abused its discretion in this regard. The Personnel Commission gave consideration to the recommendations of the Employment Security Commission in this regard. There was evidence that in some instances the examination for high administrative positions is based 100% on an oral evaluation. We are not persuaded as to any error in this respect.

Finger urges that the evaluation form used by the Oral Evaluation Board was defective. Although the evidence indicates that the form left something to be desired and was later modified, the evidence did not show the presence of any prejudice arising from the use of the form, especially under the instructions given to the Oral Evaluation Board.

Finger urges that the oral evaluation was not valid as there was no record made of the interviews. Unlike the Civil Service Board case, supra, the rules which governed the examination in question made no such requirements. The three members of the Evaluation Board appeared to be men of experience in evaluating applicants for administrative positions and their integrity is in no way attacked.

Finger urges that an oral evaluation should be structured so that each candidate should be asked the identical questions. One of the Board members testified. Each member had an evaluation sheet. Each member had the job specifications for the position of Chief of Contributions. Each member had the application filed by the several persons who appeared before the Board, disclosing that individual's background. Each member undertook questioning as to one area of interest, and while the answers may have led to some variation in the wording and sequence of the questioning, the Board member who testified at the trial expressed the opinion that substantially the same questions were asked of each candidate. We find an absence of error here.

The man who had successfully passed the examination and who thereafter withdrew prior to the certification of the second list by the Personnel Commission testified that his decision to withdraw was his and his alone. He held the personal belief that Vance would be reappointed. He withdrew to assure Vance a place on the list of five candidates submitted to the Employment Security Commission. He testified that he was content to work as a subordinate to Vance. The record is silent as to any evidence by anyone to secure his withdrawal, thereby leaving Vance as one of the five on the list from which the appointment could be made.

From our review of the record we agree with the trial court in upholding the manner in which the examination was conducted and in upholding the certification of Vance as one of the top five available for appointment.

The judgment is affirmed.

DONOFRIO, P. J., Department A, and OGG, J., concur.