NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ANTHONY SARKIS, *Plaintiff/Appellant*,

*v.*

MARICOPA COUNTY, et al., *Defendants/Appellees*.

No. 1 CA-CV 20-0271
FILED 5-18-2021

Appeal from the Superior Court in Maricopa County
No. CV 2018-002136
The Honorable Rosa Mroz, Judge

**AFFIRMED**

COUNSEL

Cameron A. Morgan Attorney at Law, Scottsdale
By Cameron A. Morgan
*Counsel for Plaintiff/Appellant*

Maricopa County Attorney's Office, Civil Services Div., Phoenix
By Joseph Branco
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge David D. Weinzweig joined.

---

**B R O W N**, Judge:

¶1          Anthony Sarkis appeals the superior court's order granting Maricopa County's ("County") motion for summary judgment on his claim that the County negligently damaged his personal property.   For the following reasons, we affirm.

## BACKGROUND

¶2          Sarkis was involved with the manufacturing and distribution of synthetic cannabinoids, more commonly known as "spice."   In October 2013, the Maricopa County Sheriff's Office ("MCSO") seized Sarkis's property connected with his spice business, including a Ford truck, a Kachina boat and trailer, a Yamaha all-terrain vehicle, a flatbed trailer, and a McKenzie Dune Chaser ("Seized Property").

¶3          Sarkis was later indicted in federal district court for multiple drug offenses.  As part of a plea agreement entered in January 2016, Sarkis agreed to forfeit all interest in the Seized Property but retained the right to pay a specified sum in lieu of forfeiture.   In November, Sarkis paid $507,507.82 to the U.S. Government.  After federal prosecutors informed the district court of the accepted payment, the court ordered that the Seized Property be returned to Sarkis.

¶4          Sarkis sued the County and MCSO in superior court, alleging the Seized Property was stored "without sufficient provision to protect it from the elements," resulting in severe damage caused by the "negligence of the Maricopa County officials and employees."   The County moved for summary judgment, arguing (1) Sarkis did not have an interest in the Seized Property at the time of the alleged damage because of the forfeiture action, and (2) the County could not be held vicariously liable for MCSO's actions.

¶5          The superior court granted the County's motion, finding Sarkis did not own the Seized Property when it "was damaged because he lost his right, title and interest in the property when the property was forfeited," citing 21 USCA § 853(c).  The court did not address the vicarious

liability issue but noted Sarkis agreed that MCSO should be dismissed as a non-jural entity. Sarkis timely appealed.

## DISCUSSION

**¶6**      Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We review the superior court's grant of summary judgment de novo, viewing the evidence and reasonable inferences in the light most favorable to the non-moving party. *Ochser v. Funk*, 228 Ariz. 365, 369, ¶ 11 (2011).

**¶7**      Sarkis argues the superior court erred by granting summary judgment based on its finding that Sarkis did not own the Seized Property at the time it was allegedly damaged while in MCSO's care. Because we affirm the court's ruling on the grounds that the County was not vicariously liable, we need not address this ownership issue. *See KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 236 Ariz. 326, 329, ¶ 14 (App. 2014) (explaining that an appellate court "will affirm summary judgment if it is correct for any reason supported by the record, even if not explicitly considered by the superior court").

**¶8**      "For an employer to be held vicariously liable for an employee's negligent acts, the employee must be (1) subject to the employer's control or right of control, and (2) acting in furtherance of the employer's business." *Engler v. Gulf Interstate Eng'g, Inc.*, 227 Ariz. 486, 491, ¶ 17 (App. 2011), *aff'd,* 230 Ariz. 55, 60, ¶ 21 (2012). A county is generally not vicariously liable for the conduct of an elected official whose duties are imposed by state statutes and constitutional provisions. *Hernandez v. Maricopa County*, 138 Ariz. 143, 146 (App. 1983). As an extension of that principle, we have previously held that a county is not liable for torts committed by its sheriff's office because it lacks control over how the sheriff conducts its official duties. *Fridena v. Maricopa County*, 18 Ariz. App. 527, 530 (1972).

**¶9**      Nonetheless, Sarkis contends it is appropriate to hold the County vicariously liable for MCSO's alleged torts here. Given that MCSO is a non-jural entity and lacks the capacity to be sued, *Braillard v. Maricopa County*, 224 Ariz. 481, 487, ¶ 13 (App. 2010), Sarkis argues that denying him recovery against the County under vicarious liability would make it impossible to hold anyone accountable for alleged damages to the Seized Property. This result, he argues, is tantamount to granting the County governmental immunity.

**¶10** To support his argument, Sarkis notes that our supreme court generally rejected "the rule of governmental immunity from tort liability." *Stone v. Ariz. Highway Comm'n*, 93 Ariz. 384, 387 (1963); *see also Ryan v. State*, 134 Ariz. 308, 311 (1982) ("Employing the spirit of the Stone decision, we propose to endorse the use of governmental immunity as a defense only when its application is necessary to avoid a severe hampering of a governmental function or thwarting of established public policy."). Thereafter, the Arizona legislature enacted "Actions Against Public Entities or Public Employees," which defined the boundaries of absolute and qualified immunity. A.R.S. §§ 12-820 to 12-826. In enacting this law, the legislature declared it "to be the public policy of this state that public entities are liable for acts and omissions of employees in accordance with the statutes and common law of this state." 1984 Ariz. Sess. Laws ch. 285, § 1. Given this judicial and legislative history, Sarkis argues we should allow the County to be held vicariously liable for the acts of MCSO to advance Arizona's public policy of governmental accountability.

**¶11** We recognize that policy, but it cannot be applied to abrogate fundamental principles of tort law requiring that an employer exercise control over its employee to be held vicariously liable. *See Engler*, 227 Ariz. at 491, ¶ 17. Although the County has fiscal authority over the MCSO under A.R.S. § 11-251 because a sheriff is a county officer under A.R.S. § 11-401(A)(1), the power and responsibilities of the sheriff are established by the legislature, not the County. *See* A.R.S. § 11-441; *see also Fridena*, 18 Ariz. App. at 530. Thus, the County cannot be held vicariously liable for the actions MCSO carries out in furtherance of its statutory duties. *See Fridena*, 18 Ariz. App. at 530 (holding that "the County, having no right of control over the Sheriff or his deputies in service of the writ of restitution, is not liable under the doctrine of [r]espondeat superior for the Sheriff's torts").

**¶12** Sarkis further notes that preservation of property seized under forfeiture laws is not one of MCSO's enumerated duties under § 11-441 and contends the County could have exercised control over how MCSO stored the Seized Property. He argues this is enough to hold the County vicariously liable. We disagree.

**¶13** Although storage of seized property is not specifically enumerated under § 11-441, it is a natural consequence of the Sheriff's law enforcement duties, and Sakris does not identify any other department in the County with authority to store such property. *See Norton v. Arpaio*, No. CV-15-00087-PHX-SPL, 2015 WL 13759956, at *6 (D. Ariz. Nov. 20, 2015) (explaining that "*Fridena* and *Braillard,* read together, appear to bar all state-law claims against a county for the acts of a sheriff's department"). Indeed,

the legislature has delegated the authority to store property seized under a warrant exclusively to law enforcement officials. *See* A.R.S. § 13-3920 ("All property or things taken on a warrant shall be retained in the custody of the seizing officer or agency which he represents, subject to the order of the court in which the warrant was issued, or any other court in which such property or things is sought to be used as evidence."). Moreover, a county does not generally have the authority to supervise and discipline the employees of a county officer. *See Hounshell v. White*, 220 Ariz. 1, 6, ¶ 22 (App. 2008).

¶14        Sarkis also relies on *Span v. Maricopa County Treasurer*, 246 Ariz. 222 (App. 2019) and *Flanders v. Maricopa County*, 203 Ariz. 368 (App. 2002). His reliance is misplaced. First, the claim in *Span* involved direct liability. *See Span*, 246 Ariz. at 225, ¶ 10 ("Because Span's claim includes allegations that are not based solely on vicarious liability or respondeat superior, *Fridena* does not dispose of the claim."). Second, *Flanders* did not involve vicarious liability for a common law tort, but rather constitutional claims brought under 42 U.S.C. § 1983. 203 Ariz. at 378, ¶ 61 ("Liability is imposed, not on the grounds of *respondeat superior,* but because the agent's status cloaks him with the governmental body's authority."). Thus, the County cannot be held vicariously liable for the alleged torts committed by the MCSO.

## CONCLUSION

¶15        We affirm the superior court's entry of summary judgment in favor of the County.

