IN THE
# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JACQUELIN JAMILEX LOPEZ SANCHEZ, et al., *Plaintiffs/Appellants*,

*v.*

MARICOPA COUNTY, *Defendant/Appellee*.

No. 1 CA-CV 22-0572
FILED 12-7-2023

---

Appeal from the Superior Court in Maricopa County
No. CV2022-092441
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED**

---

COUNSEL

Rasmussen Injury Law, Mesa
By Chase W. Rasmussen, Alexander M. Hyde
*Counsel for Plaintiffs/Appellants*

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Counsel for Plaintiffs/Appellants*

Maricopa County Attorney's Office, Phoenix
By Darlene M. Cortina, Pamela A. Hostallero, Sean M. Moore,
Joseph J. Branco
*Counsel for Defendant/Appellee*

## OPINION

Judge Brian Y. Furuya delivered the opinion of the Court, in which Chief Judge David B. Gass and Judge Andrew M. Jacobs joined.

**F U R U Y A**, Judge:

¶1        Plaintiffs Jacquelin Jamilex Lopez Sanchez, Marlin Lopez Sanchez, Rosario Lopez Sanchez, Iliana Ofelia Sanchez, and Orlando Lopez filed this lawsuit against Maricopa County (the "County") for injuries they sustained as the result of a car accident involving a deputy (the "Deputy Sheriff") of the Maricopa County Sheriff (the "Sheriff"). The superior court granted the County's motion to dismiss the complaint under Arizona Rule of Civil Procedure ("Rule") 12(b)(6) because the County is not vicariously liable for the Deputy Sheriff's actions. Plaintiffs challenge that order, arguing the County is vicariously liable for the Deputy Sheriff's actions under the doctrine of respondeat superior and they otherwise have no remedy because they cannot sue the Sheriff.

¶2        We hold the County is not vicariously liable for the negligent conduct of the Sheriff's employees because the County does not have a principal-agent relationship with them. And we hold under appropriate circumstances plaintiffs can sue sheriffs, who qualify as "public entities" within the meaning of A.R.S. § 12-820(7). Finally, no other statute creates the right to sue the County on this record. Therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3        On June 16, 2021, Plaintiffs were traveling eastbound on Interstate 10 in a vehicle driven by Plaintiff Jacquelin Jamilex Lopez Sanchez. As she slowed for traffic, the Deputy Sheriff rear-ended Sanchez's vehicle. At the time of the accident, the Deputy Sheriff was driving a vehicle owned by the County.

¶4        Plaintiffs alleged they were injured in the collision and filed a timely notice of claim under Arizona Revised Statutes ("A.R.S.") § 12-821.01 against the Maricopa County Board of Supervisors. They then sued the County for negligence and negligence per se based on a theory of vicarious liability under the doctrine of respondeat superior. The complaint named the County as the sole defendant.

2

**¶5**         The County filed a motion to dismiss the complaint under Rule 12(b)(6), arguing it was not vicariously liable for torts committed by the Sheriff's employees. Following briefing, the superior court granted the County's motion to dismiss. The court concluded the County is not liable for common law torts committed by the Sheriff's employees because the County lacks control over how the Sheriff conducts his official duties.

**¶6**         Plaintiffs filed a timely notice of appeal. We have jurisdiction under A.R.S. §§ 12-2101(A)(1) and -120.21(A)(1).

## DISCUSSION

**¶7**         We review de novo the court's dismissal of a complaint under Rule 12(b)(6). *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012). In doing so, we assume the well-pleaded facts alleged in the complaint to be true and affirm the dismissal only if Plaintiffs would not be entitled to relief on any interpretation of those facts. *Chalpin v. Snyder*, 220 Ariz. 413, 418 ¶ 18 (App. 2008).

**¶8**         Plaintiffs' case here bears great resemblance to a case this court recently decided, *Loredo, et al. v. Maricopa Cnty.*, 1 CA-CV 22-0259, 2023 WL 2181126 (Ariz. App. Feb. 23, 2023) (mem. decision), *review denied* (Aug. 22, 2023). Like here, the *Loredo* plaintiffs alleged they were injured in a collision with a vehicle being driven by Maricopa County deputy sheriff. *Id.* at ¶ 2. And like here, the *Loredo* plaintiffs sued Maricopa County but not the sheriff or the deputy sheriff. *Id* In *Loredo*, this court held that Maricopa County could not be held vicariously liable for the sheriff's office. *Id.* at ¶¶ 6–13. Because *Loredo's* facts are closely aligned with those at issue in this case and because its analysis likewise addresses Plaintiffs' claims, it is highly persuasive, and we draw from its discussion and holdings. *See* Ariz. R. Sup. Ct. 111(c).

## I.     The County Is Not Vicariously Liable for the Deputy Sheriff's Alleged Negligence.

**¶9**         To be liable for an employee's negligence, an employer must have control or right of control over that employee. *Engler v. Gulf Interstate Eng'g, Inc.*, 227 Ariz. 486, 491 ¶ 17 (App. 2011), *aff'd*, 230 Ariz. 55 (2012). Generally, counties are not vicariously liable for the acts of elected officials whose duties are imposed by statute or the Arizona Constitution. *See Hernandez v. Maricopa Cnty.*, 138 Ariz. 143, 146 (App. 1983) (quoting *Fridena v. Maricopa Cnty.*, 18 Ariz. App. 527, 530–31 (App. 1972)). The Sheriff is an elected constitutional officer, Ariz. Const. art. 12, § 3, and the Legislature establishes an elected sheriff's duties. *See* Ariz. Const. art. 12, § 4, A.R.S. §§

11-406(A), -441. In general, deputy sheriffs possess the same powers and may perform the same duties as a sheriff. A.R.S. § 38-462(A).

¶10        By statute, a deputy sheriff's duties include preserving the peace, arresting those who commit crimes, attending court hearings, serving process, securing the homes of deceased persons, and conducting or coordinating search and rescue operations. *See* A.R.S. § 11-441(A)(1), (2), (4), (7), (8), (C). To accomplish these duties, deputy sheriffs spend a significant amount of their time operating vehicles.

¶11        Plaintiffs contend personnel who work in the Sheriff's office, including the Deputy Sheriff in this case, are not the Sheriff's employees "but are . . . employees of the [C]ounty." In support of this contention, they cite A.R.S. § 11-251(1), which grants a county board of supervisors' authority to

> [s]upervise the official conduct of all county officers and officers of all districts and other subdivisions of the county charged with assessing, collecting, safekeeping, managing or disbursing the public revenues, see that the officers faithfully perform their duties and direct prosecutions for delinquencies, and, when necessary, require the officers to renew their official bonds, make reports and present their books and accounts for inspection.

Plaintiffs argue the phrase "[s]upervise the official conduct of all county officers" establishes a "broad, at-all-times right of control." Not so.

¶12        When read in context, the language of § 11-251(1) does not grant plenary power to supervise county officers. It instead gives boards the authority to supervise those who are "charged with assessing, collecting, safekeeping, managing or disbursing the public revenues." *See State v. Jones*, 196 Ariz. 306, 307 ¶ 7 (App. 1999) ("Every provision of a statute must be read in conjunction with the other provisions, giving meaning, if possible, to 'each word, clause or sentence, considered in the light of the entire act itself and the purpose for which it was enacted into law.'") (quoting *Frye v. S. Phoenix Volunteer Fire Co.*, 71 Ariz. 163, 168 (1950)); *cf. Hounshell v. White*, 220 Ariz. 1, 5 ¶ 21 (App. 2008) (interpreting § 11-251(1) as granting the board authority to supervise county officers "in some limited circumstances"). Indeed, if § 11-251(1) conferred broad authority to supervise all county officer functions, the Legislature would have had no reason to enact the other subsections of § 11-251, which authorize boards of supervisors to direct the prosecution and defense of all actions to which

4

their respective counties are a party, permit their sheriffs to offer rewards, or direct their sheriffs to transport insane persons to the state hospital. A.R.S. § 11-251(14), (25), (26).

¶13 Plaintiffs further point to A.R.S. §§ 11-441, -444(A), and -444(C) to bolster their interpretation of § 11-251, arguing the Sheriff is a "county officer" and that each county "bears the cost[s] of the sheriff's conduct." *See also* Ariz. Const. art. 12, § 3. They suggest these statutes make the Sheriff's status as an officer derivative from the County, and his dependence on County budgeting gives the County the right to control his employees, making the Sheriff's deputies County employees. But although the Sheriff is indeed a "county officer," *see* A.R.S. § 11-441, and his expenses in fulfilling the statutory duties of his office are indeed a "county charge," *see* A.R.S. § 11-444(A), Ariz. Const. art. 12, § 3, those circumstances do not justify Plaintiffs' expansive reading of § 11-251. Rather, reading § 11-251(1) to confer only oversight powers related to fiscal accountability is more consistent with § 11-444, which obligates sheriffs to render a monthly accounting and provides that most of a sheriff's "actual and necessary expenses" are "a county charge." A.R.S. § 11-444(A), (C).

¶14 This more limited reading is also consistent with § 11-409, which grants county officers—not the County—the power to appoint deputies and other staff "necessary to conduct the affairs of their respective offices" and only gives boards the limited authority to consent to those appointments and fix salaries. A.R.S. § 11-409; *see also Hounshell*, 220 Ariz. at 4 ¶ 14 ("The fact that the Board must consent to the appointment of a given employee does not make the Board a separate appointing authority."). The constrained nature of these statutes suggests the authority of boards of supervisors to supervise county officers under § 11-251(1) is fiscal only; not, as Plaintiffs argue, a "broad, at-all-times right of control" sufficient to convert the Deputy Sheriff into the County's employee for tort liability purposes. *See State of the Neth. v. MD Helicopters, Inc.*, 250 Ariz. 235, 238 ¶ 8 (2020) ("[W]e interpret statutory language in view of the entire text, considering the context and related statutes on the same subject.") (quoting *Molera v. Hobbs*, 250 Ariz. 13, 24 ¶ 34 (2020)).

¶15 Our conclusion accords with this court's prior decision in *Fridena v. Maricopa County*. 18 Ariz. App. 527. In *Fridena*, this court declined to impose vicarious liability on the County for the tortious acts of deputy sheriffs because the County had "no right of control over the Sheriff or his deputies" in serving a defective writ of restitution. 18 Ariz. App. at 529–30. Such control is critical to the imposition of vicarious liability. *See Engler*, 227 Ariz. at 491 ¶ 17.

**¶16** Plaintiffs argue we should not follow *Fridena*, again relying on their expansive reading of § 11-251(1), rejected for the reasons noted above. They also argue *Fridena* is distinguishable because service of a writ of restitution is a "judicial-related activity." But the holding in *Fridena* is not so narrow:

> When duties are imposed upon . . . a board of county commissioners by law rather than by the county, the latter will not be responsible for their breach of duty or for their nonfeasance or misfeasance in relation to such duty. Furthermore, where the duties delegated to officers elected by public corporations are political or governmental, the relation of principal and agent does not exist and the maxim "respondeat superior" does not govern.

18 Ariz. App. at 530–31. Moreover, the statutory duties that cause a deputy sheriff to drive a vehicle are often "judicial-related" in nature and therefore, do not meaningfully distinguish the facts of this case from *Fridena*. *See, e.g.*, A.R.S. § 11-441(A)(2), (4), (7).

**¶17** Plaintiffs also rely on *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527 ¶ 15 (2006), but our supreme court did not interpret § 11-251(1) in *Falcon*. *Falcon* instead considered who could accept service of a notice of claim against a county under A.R.S. § 12-821.01(A) and Rule 4.1. *See id.* at 528 ¶¶ 16–19. Thus, *Falcon* is inapposite.

**¶18** Plaintiffs further rely on *Board of Supervisors of Maricopa County v. Woodall*, 120 Ariz. 391, 394 (App. 1978), *aff'd in part, rev'd in part*, 120 Ariz. 379 (1978), to contend the board of supervisors "is given direct power to supervise all officers of the county and its subdivisions." But *Woodall* addressed a narrower question—whether a board of supervisors could retain counsel other than its county attorney to provide legal advice. *Id.* at 395. This court held that a board of supervisors could do so. *Id.* at 396. Still, a county attorney's office, "as with other county offices under the constitution, is assigned express powers and duties which are *separately* exercised." *Id.* (emphasis added); *see also* A.R.S. § 11-532. The same is true of sheriffs, whom the Legislature tasked with preserving the peace, arresting those who commit crimes, and generally fulfilling other statutory obligations. A.R.S. § 11-441(A), (C).

**¶19** Plaintiffs cite three federal cases construing 42 U.S.C. § 1983, arguing they show that the County's funding of the Sheriff is "strong evidence" that the Sheriff acts on the County's behalf. But 42 U.S.C. § 1983

does not impose vicarious liability on local governments for their employees' acts. *Connick v. Thompson*, 563 U.S. 51, 60 (2011); *see also Flanders v. Maricopa Cnty.*, 203 Ariz. 368, 378 ¶ 61 (App. 2002) ("Liability [under 42 U.S.C. § 1983] is imposed, not on the grounds of *respondeat superior*, but because the agent's status cloaks him with the governmental body's authority."). Additionally, the primary case on which Plaintiffs rely, *McMillian v. Monroe County, Ala.*, 520 U.S. 781 (1997), observes that "[a state's] counties are *not* liable under a theory of *respondeat superior* for a sheriff's official acts that are tortious" even though those counties may be required by law to pay a sheriff's salary, reimburse their expenses, and provide that sheriff's office with equipment, supplies, and lodging. *Id.* at 789, 791–92 (emphasis added).

**¶20**      In view of the above, we hold the County is not vicariously liable for the negligent conduct of the Sheriff's employees, including the Deputy Sheriff, because the County does not control or supervise these employees in any sense sufficient to give rise to a principal-agent relationship between them. *See Fridena*, 18 Ariz. App. at 529–30.

**¶21**      Nor are we alone in this view. Other jurisdictions have likewise found sheriffs to be independently elected county officers who are therefore not employees of the county in which they serve. *See Carver v. Sheriff of La Salle Cnty.*, 787 N.E.2d 127, 136 (Ill. 2003) ("The parties at bar do not dispute that . . . a sheriff is an independently elected county officer and is not an employee of the county in which the sheriff serves."); *Green v. Baldwin Cnty. Bd. of Comm'rs*, 842 S.E.2d 916, 917 (Ga. Ct. App. 2020) ("[I]t is well established that deputy sheriffs are employees of the sheriff, not the county, and the county cannot be held vicariously liable as their principal.") (citation omitted); *McLaughlin v. Bailey*, 771 S.E.2d 570, 576 (N.C. Ct. App. 2015), *aff'd*, 781 S.E.2d 23 (N.C. 2016) ("The fact that the county is the source of funding to pay deputies does not change their status as employees of the sheriff."); *Etowah Cnty. Comm'n v. Grant*, 10 So. 3d 1009, 1012 (Ala. Civ. App. 2007) ("[A]ll deputy sheriffs in this state are considered employees of the sheriff in whose county the deputy serves."); *Bryson v. Okla. Cnty. ex rel. Okla. Cnty. Det. Ctr.*, 261 P.3d 627, 632–33 ¶ 12 (Okla. Civ. App. 2011) ("[B]ecause the County was not [detention officer's] employer it cannot be held vicariously liable for his alleged torts.").

## II.      Plaintiffs Did Not Lack a Remedy.

**¶22**      Plaintiffs contend they have no remedy if the County cannot be held vicariously liable because they cannot sue the Maricopa County Sheriff's Office ("Sheriff's Office"). *See Braillard v. Maricopa Cnty.*, 224 Ariz.

481, 487 ¶ 13 (App. 2010) (stating that the Sheriff's Office is a non-jural entity that cannot be sued). They argue such a ruling would be tantamount to a grant of full immunity to the County for the negligent driving of the Sheriff's employees because there would be no party to sue. We disagree. Other plaintiffs have sought relief for the tortious acts of a sheriff's deputies by suing[1] the relevant sheriff. *See, e.g.*, *Ryan v. Napier*, 245 Ariz. 54 (2018); *Watkins v. Arpaio*, 239 Ariz. 168 (App. 2016); *Zupancic v. Penzone*, 1 CA-CV 20-0288, 2021 WL 2435643 (Ariz. App. June 15, 2021) (mem. decision).

**¶23** Plaintiffs further argue the County must remain in the case as the responsible party to ensure there is a public entity liable to pay damages for the torts committed by public employees. *See* A.R.S. § 12-823 ("If judgment is rendered for the plaintiff, it shall be for the amount actually due from the public entity to the plaintiff[.]"). For support, they point to *Melendres v. Maricopa County*, 815 F.3d 645 (9th Cir. 2016), contending the County conceded it would bear the financial costs of any judgment against the Sheriff or against any employees of his office. But *Melendres* is a 42 U.S.C. § 1983 case that did not address vicarious liability. *Id.* at 650–51 (quoting *Flanders*, 203 Ariz. at 378 ¶ 61). The *Melendres* court did not determine whether the County supervised the Sheriff or his employees in fulfilling their statutory duties. It instead stated the County could "rely on the degree to which it can control [the Sheriff's] behavior to potentially avoid . . . adverse consequences" if the Sheriff chose not to comply with an already-entered injunction. *Id.* at 651.

### III. The Statutes Governing Claims Against Public Employees and Public Entities Do Not Establish County Liability.

**¶24** Plaintiffs argue "the notice-of-claim system's structure" proves they have the statutory right to sue the County for the tortious conduct of the Sheriff and the Deputy Sheriff. *See* A.R.S. §§ 12-820 to -826. This argument fails for two reasons. First, the argument is premised on an incorrect reading of the claim statutes. Second, the claim statutes do not create a substantive right to sue public entities.

---

[1] Of course, a plaintiff must also timely assert any such suit under the relevant statutes of limitation. *See Porter v. Spader*, 225 Ariz. 424, 427 ¶ 7 (App. 2010) (explaining statutes of limitation establish the period after which claims are "too stale to be enforceable"). We express no opinion as to whether Plaintiffs here could timely assert their claims. *See* A.R.S. §§ 12-821, -821.01.

### A.    Sheriffs are "Public Entities" Under the Claim Statutes.

¶25    Plaintiffs' argument that the claim statutes support the County's vicarious liability for the negligence of the Deputy Sheriff relies on their reading of A.R.S. § 12-820(1), (6), and (7) to conclude that the Sheriff and his employees are "public employee[s]" who, by definition, must be employed by a "public entity." A public entity, they argue, means only this state and "any political subdivision of this state." A.R.S. § 12-820(7). As the primary political subdivision sponsoring the Sheriff, they conclude the County is the only possible "public entity" that can employ the Sheriff and his employees and, therefore, the County must be vicariously liable for their negligence. Plaintiffs read the definition of "public entity" too narrowly.

¶26    The statute states "'Public entity' *includes* this state and any political subdivision of this state." *Id.* (emphasis added). The use of "includes" suggests that "public entity" encompasses—but is not necessarily limited to—the state and its political subdivisions. *See State ex rel. Dep't of Econ. Sec. v. Torres*, 245 Ariz. 554, 558 ¶ 14 (App. 2018) ("[W]hen the legislature does not define a term, but states that the term 'includes' specified items, we construe the term to also include other items that fall within the term's ordinary meaning.").

¶27    Constitutional officers—such as sheriffs—are persons fulfilling a public role through service in duly elected governmental offices. Ariz. Const. art. 12, § 3. In other words, they are personal entities who act in a public capacity by virtue of their elected office. Plaintiffs correctly observe that the word "entity" is not further defined in the statute and argue that "entities" refer only to organizations, such as corporations and political subdivisions.

¶28    When interpreting statutes, "courts generally give words their ordinary meaning and may look to dictionary definitions." *Windhurst v. Ariz. Dep't of Corr.*, ___ Ariz. ___, ___ ¶ 19, 536 P.3d 764, 771 (2023). At the time of its adoption and effective date,[2] Merriam-Webster Dictionary

---

2    Section 12-820 became effective in 1984. 1984 Ariz. Sess. Laws, ch. 285, § 3 (2nd Reg. Sess.) (S.B. 1225). Therefore, we use the definition in existence at the time the Legislature enacted the relevant statute. *See Matthews v. Indus. Comm'n of Ariz.*, 254 Ariz. 157, 175 ¶ 36 (2022) (explaining the definition in a published dictionary at the time a provision was adopted "reflects its common usage at the time").

defined "entity" as: (1) "being, existence; esp: independent, separate, or self-contained existence"; (2) "the existence of a thing as contrasted with its attributes"; and (3) "something that has separate and distinct existence and objective or conceptual reality." *Entity*, Webster's Ninth New Collegiate Dictionary (9th ed. 1984). These definitions show "entities" are commonly understood to include natural persons, such as Sheriff. Thus, including such constitutional officers within the definition of "public entity" under A.R.S. § 12-820(7) is consistent with a practical, commonsense understanding of that term. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 183 ¶ 33 (App. 2008) (explaining we adopt practical, reasonable, and commonsense constructions.) Therefore, we conclude county sheriffs, as natural persons, duly elected as constitutional officers acting in official, public capacities, qualify as "public entities" under A.R.S. § 12-820(7).

¶29        In their motion for reconsideration, Plaintiffs cite part of the 2020 Merriam-Webster's dictionary definition of "entity" as "an organization (such as a business or governmental unit) that has an identity separate from those of its members." They argue sheriffs are not "organizations" and this definition excludes sheriff from qualifying as "public entities" under A.R.S. § 12-820(7). Plaintiffs' motion, however, omits the two other definitions recounted here, which remain part of the current entry for "entity" and continue to be valid definitions for that word. *See Entity*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/entity (last visited Dec. 4, 2023). The additional, newer, understanding of "entity" as including organizations is not exclusive of the other accepted meanings of the word, which are applicable to natural persons. Thus, even if a more current definition is used, our analysis remains the same.

¶30        Because we conclude sheriffs themselves qualify as "public entities" pursuant to A.R.S. § 12-820(7), we disagree that the County is the only viable public entity-employer of the Deputy Sheriff in this case.

**B.        The Victim of a Tort Committed by a Public Employee Does Not Have the "Statutory Right" to Serve the Notice of Claim, and to Sue, the Public Employee, the Public Entity, Or Both.**

¶31        Finally, we reject Plaintiffs' reliance on A.R.S. §§ 12-821 and -821.01 to establish a "statutory right" to serve a notice of claim on, and to sue, a public employee or the public entity, or both. These statutes do not create an independent right for plaintiffs to serve notices of claim on, or to

sue, public employees or entities. *See, e.g.*, *McKee v. State*, 241 Ariz. 377, 384 ¶ 30 (App. 2016) ("[T]he notice of claim statute does not . . . contain language suggesting its purpose is to confer the power to sue and be sued on a nonjural entity."). Arizona courts may imply an independent right of action only when doing so is consistent with "the context of the statutes, the language used, the subject matter, the effects and consequences, and the spirit and purpose of the law." *Transamerica Fin. Corp. v. Superior Ct.*, 158 Ariz. 115, 116 (1988). But nothing in these statutes' context, language, subject matter, effects, consequences, or spirit and purpose indicates they confer on putative plaintiffs an independent right to sue. Rather, the statutes govern how such claims must be pursued when they exist by virtue of other law.

## CONCLUSION

¶32          For the reasons stated above, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA